# Court of Appeals.

### April, 1904.

# THE·PEOPLE v. OSCAR BORGSTROM.

### (178 N. Y. 254.)

1. MURDER—COURTS NOT REQUIRED TO ADVISE PRISONER AWAITING ACTION BY GRAND JURY OF THE RIGHT TO CHALLENGE INDIVIDUAL GRAND JURORS—CODE CR. PRO. §§ 237, 238.

A person held to answer a charge for crime may challenge an individual grand juror, but no challenge is allowed to the panel or to the array of the grand jury. (Code Cr. Pro. §§ 237, 238.) The fact that he is confined in jail awaiting the action of the grand jury does not prevent him from exercising that right through counsel, and that he is unable to procure counsel is not a legal excuse

for failure to exercise it.   A motion, therefore, to dismiss the in-
dictment, made by counsel assigned to him upon arraignment,
upon the ground that by reason of such restraint he had no oppor-
tunity to challenge individual grand jurors and that the grand
jury was improperly drawn, is properly denied.

2: WAIVER OF CHALLENGE TO THE PANEL OF TRIAL JURORS.

    A challenge to the panel of trial jurors, upon the ground that they
had not been selected as prescribed by the Code of Civil Procedure,
but were chosen under a special jury law for the county, which was
unconstitutional by reason of facts, which counsel offered to prove,
but, after a request to do so by the trial court, had no evidence
thereof to produce, and, thereupon, he proceeded to examine each
juror and withdrew all challenges to him before being sworn, is
properly overruled, since under such circumstances he must be
deemed to have waived it.

APPEAL from a judgment of the Supreme Court, rendered
October 30, 1903, at a Trial Term for the county of West-
chester, upon a verdict convicting the defendant of the
crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

David H. Hunt and David Verplanck for appellant.   The
defendant was entitled to be present at the formation of the
grand jury, in order that he might exercise his right to chal-
lenge any individual grand juror.   (1 Bishop on Crim. Pro.
[3d ed.] §§ 876, 877, 878; Code Crim. Pro. § 237; People v.
Nugent, 57 App. Div. 542; Clare v. State, 30 Md. 163;
Terr. v. Ingersoll, 3 Mont. 454; Terr. v. Harding, 6 Mont.
323; Russell v. State, 33 Ala. 366; Pointer v. State, 89
Ind. 255; People v. Winterman, 1 Dak. 63; State v. Gul-
ick, 7 Iowa, 287; Hudspeth v. State, 50 Ark. 534; Fisher v.
State, 63 Ga. 309.)   By the denial of the motion to dismiss
the indictment, defendant has been deprived of his right to
interpose any challenge to the individual members of the

grand jury which indicted him. This was violative of the sense and spirit of the Federal Constitution. (Hovey v. Elliot, 167 U. S. 409.)

J. Addison Young, District Attorney, for respondent. The motion to dismiss the indictment made by defendant's counsel at the time of arraignment, on the ground that the defendant had no opportunity to challenge individual grand jurors by reason of his being imprisoned at the time the grand jury which indicted him were impaneled and sworn was properly denied. (People v. Glen, 173 N. Y. 395; Const. of N. Y. art. 1, § 16; People v. Petrea, 92 N. Y. 128; Walter v. People, 32 N. Y. 147; State v. Hinckley, 4 Minn. 345; State v. Hoyt, 13 Minn. 132; Gibbs v. State, 46 Am. Rep. 782; State v. Easter, 27 Am. Rep. 478; United States v. White, 5 Cranch, 457; State v. Gibbs, 39 Iowa, 318; Tucker's Case, 8 Mass. 285; State v. Klingman, 14 Iowa, 404; State v. Ostrander, 18 Iowa, 435, State v. Reid, 20 Iowa, 413.) The challenge to the panel of trial jurors was properly denied. (People v. Petrea, 92 N. Y. 128; People v. Youngs, 151 N. Y. 210; People v. Dunn, 157 N. Y. 528; People v. Shea, 147 N. Y. 78; People v. Sickles, 156 N. Y. 541.)

BARTLETT, J.

The defendant took the life of his wife under circumstances of great atrocity, and his counsel seek by this appeal to reverse the judgment of conviction on questions of law only.

The record discloses that the defendant was unjustly jealous of his wife, frequently quarreled with her and threatened on several occasions to kill her; his actions finally became so violent that the deceased swore out a warrant for his arrest

and placed it in the hands of an officer to serve. The evening of the murder, April 13th, was Monday, and the officer appeared the Saturday night previous to arrest the defendant on the warrant in his possession. When the arrest was about to be made, the deceased relented for the reason, as stated by the officer, that "she said she didn't like to do it on account of its being Easter eve, Saturday night, and to-morrow was Sunday, and she wanted to go to communion." No arrest was consequently made, and the following Monday evening, while his wife sat sewing at her worktable, the defendant passed behind her, cutting her throat and nearly severing the head from the body.

Two legal questions are presented for consideration: (1) That the defendant was unlawfully deprived of his opportunity to challenge any one of the individual grand jurors who found the indictment against him, and that the grand jury was drawn under the special jury law for Westchester county, which is unconstitutional ; and (2) that the trial jurors returned to serve at the term when the defendant was tried were not selected, drawn and served in the manner and form prescribed by the Code of Civil Procedure, but were so selected under the special jury law for the county of Westchester, being chapter 491 of the Laws of 1892, as amended by chapter 269 of the Laws of 1893.

We will first consider the claim that the defendant was deprived of his right to challenge the individual grand jurors, and that the grand jury was improperly drawn under the special jury law for Westchester county. The indict- ment herein was filed the twenty-fourth of June, 1903, and the defendant was duly arraigned thereon the following day. At that time the defendant submitted an affidavit that he was destitute of means wherewith to employ counsel and asked the court to assign the counsel who appeared for him on this appeal ; his request was granted. The counsel so appointed moved to dismiss the indictment on the ground,

substantially, that the defendant had been confined in jail continually from his original arrest, and was under such restraint at the time of the impaneling of the grand jury, and, consequently, was not afforded an opportunity to challenge any individual grand juror, which right was a substantial one, conferred upon him by section 237 of the Code of Criminal Procedure. The court denied the motion and the defendant duly excepted. The counsel for the defendant thereupon filed a challenge in writing to the panel of grand jurors and moved to set aside or quash the indictment on the ground that the special jury law for Westchester county was unconstitutional as contravening article III, § 18, of the Constitution of this state. The court thereupon overruled the challenge and the defendant duly excepted.

The defendant was brought to trial on the thirtieth day of October, 1903. At the opening of the trial the counsel for the defendant called the attention of the court to the fact that at the time of the arraignment the defendant had interposed an objection, to the effect that on the occasion of the impaneling and swearing of the grand jury he was confined in jail and had no opportunity to exercise his right of challenge to any individual grand juror. Nothing appears to have been said at that time as to the challenge to the panel of grand jurors drawn under the special jury law for Westchester county. The district attorney suggested that it was an objection interposed usually in capital cases, and said : "I do not suppose you propose to argue it." The court said: "No, I have no knowledge on the subject and overrule the objection." The counsel for the defendant then filed a challenge to the panel of trial jurors, which will be presently considered.

The motion made by defendant to dismiss the indictment on the grounds already stated is sufficiently answered by the fact that there is no provision of law permitting it. An indictment may be set aside on motion when it is not found,

indorsed and presented as prescribed in the Code of Criminal Procedure; also, when a person has been improperly permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration. (Code of Criminal Procedure, § 313.) The court can, undoubtedly, in addition to the grounds above stated, set aside an indictment where the constitutional rights of the defendant are invaded. (People v. Glen, 173 N. Y. 395.) No constitutional rights of the defendant are here involved, but they are clearly subject to legislative control.

Section 238 of the Code of Criminal Procedure provides as follows : "There is no challenge allowed to the panel or to the array of the grand jury, but the court may, in its discretion, at any time discharge the panel and order another to be summoned, for one or more of the following causes." The causes that follow are immaterial at this time.

Section 237 of the Code of Criminal Procedure reads: "The district attorney in behalf of the people, and also a person held to answer a charge for crime, may challenge an individual grand juror."

It is the obvious right of a defendant, under a criminal charge before indictment, to exercise the right here conferred upon him. The fact that he is under arrest and confined in the county jail, awaiting the action of the grand jury, is not necessarily an obstacle, as he could appear by counsel in court before the grand jury were sworn and thus protect his rights. The fact that he was unable to employ counsel is not a legal excuse for having failed to avail himself of this statutory privilege. The court has no power to appoint counsel until arraignment, after indictment found. (Code Criminal Procedure, § 308.) It is then its duty to ask the defendant if he desires counsel, and if he does, the assignment must be made.

We have been cited to no case where it has been held

that it is the duty of the court to advise every prisoner detained in jail awaiting trial that an opportunity will be afforded him, before the grand jury is sworn, to exercise his right of challenge to each individual grand juror. Certainly, no such duty can be assumed in the absence of positive statutory provision.

People v. Jewett (3 Wend. 314) is a conclusive authority on this point. That case presents a state of facts as strongly in favor of a defendant as could well be imagined. The defendant was indicted before he knew that a charge of crime had been made against him, and it appeared affirmatively that as to one of the grand jurors a good ground of challenge existed. Nothwithstanding these very persuasive facts, the court held that the challenge to the grand juror came too late when made after he was sworn and impaneled.

Chief Justice Savage, writing in that case said : " There are causes of challenge to grand jurors, and these may be urged by those accused, whether in prison or out on recognizance ; and it is even said that a person wholly disinterested may, as an amicus curiæ, suggest that a grand juror is disqualified. But such objection, to be availing, must be made previous to the jury being impaneled and sworn. It has been urged upon us that the defendant, not having been apprised of any intended proceeding against him; not having been arrested on a criminal charge or required to enter into a recognizance to appear at the court where the bill of indictment was found, had not the opportunity to make his challenge; that now is his earliest day in court, and that he ought, therefore, to be permitted to avail himself of this defense. Although the force of this appeal is felt, I cannot yield to it and consent that after an indictment found the party charged may urge an objection of this kind in avoidance of the indictment. The books are silent on the subject of such exception after indictment found, and in the

absence of authority I am inclined to say, in consideration
of the inconvenience and delay which would unavoidably
ensue in the administration of criminal justice, was a chal-
lenge to a grand juror permitted to be made after he was
sworn and impaneled, that the objection comes too late."

This rule has been followed in many of the states. (State
v. Hamlin, 47 Conn. 95, 106; Commonwealth v. Smith, 9
Mass. 106; Mahar v. State of Minnesota, 3 Minn. 441, and
numerous other cases.) The states which allow this objec-
tion, after indictment found, are those where the old plea in
abatement exists.

In the case at bar, unlike People v. Jewett (supra), the
defendant did not allege that he was prejudiced by reason of
the disqualification of any particular grand juror; there is no
charge of prejudice or other legal ground of objection.

We are of opinion, both upon principle and authority,
that the motion to dismiss the indictment on the ground that
the defendant had been unlawfully deprived of his right to
challenge a grand juror was properly denied. Assuming
that the objection to the panel of grand jurors is properly
before the court, notwithstanding the provisions of the Code
of Criminal Procedure that there is no challenge allowed to
the panel or to the array, it rests upon the same ground that
is urged in the challenge to the panel of trial jurors and may
be considered in that connection.

At the trial, after it had been suggested that no opportun-
ity had been afforded the defendant to challenge any indivi-
dual grand juror and the court had overruled the objection
as already stated, the defendant's counsel filed a challenge
in writing to the panel of trial jurors and the additional
panel ordered to complete the jury, on the ground of a mat-
erial departure to the prejudice of the defendant from the
forms prescribed by the Code of Civil Procedure in respect
to the drawing and return of the jury, and specified certain
facts as constituting the ground of challenge. Those facts,

stated briefly, were that the jurors were not selected in manner and form provided by certain sections of the Code of Civil Procedure, which were cited, but were selected under the law of 1892, as amended in 1893, as quoted above, and constitute the special jury law for the county of Westchester; that it was claimed by the defendant that this special jury law is unconstitutional, as contravening article III, § 18, of the Constitution of this state, which provides that the legislature shall not pass a private or local bill for selecting, drawing, summoning or impaneling grand or petit jurors.

The counsel for the defendant then offered to prove by the commissioner of jurors in and for the county of Westchester, and by the county clerk of said county, that said trial jurors were not selected, drawn and served in the manner and form prescribed and provided by the Code of Civil Procedure, but were so selected in the manner provided by chapter 491 of the Laws of 1892, and the amendments thereof.

The counsel further offered to prove by the clerk of the senate of the state of New York, and by the journals of the senate and assembly of the state of New York, and of the legislature of the state of New York, for the years 1892 and 1893, and by the original acts themselves, that chapter 491 of the Laws of 1892, and the amendment thereof by chapter 269 of the Laws of 1893, were neither of them reported to the legislature by any commission or commissioners appointed pursuant to law to revise the statutes. It was also asked on the part of the defendant that the court take judicial notice that no commission or commissioners to revise the statutes existed in the years 1892 and 1893 in the state of New York.

After the said challenge and offers to prove were read, the following occurred according to the record :

"The court:   "Well, produce your evidence.

"Counsel for defendant: We have none here.

"The court: There being no proof on the subject I over-rule the objection.

" Defendant's counsel: I except.

"The jury was thereupon called and sworn, each juror being examined separately by each side, and each side expressing satisfaction with each juror and withdrawing all challenge to him before being sworn."

It thus appears that the fullest opportunity was afforded the defendant to sustain his challenge to the panel of trial jurors, and he failed to avail himself of it. Counsel must be presumed to know that a challenge which, if sustained, would postpone the trial until a legal panel could be obtained, is in its nature preliminary and must be heard and determined at the threshold of the proceeding.

We are of the opinion that the defendant must be deemed to have waived his challenge under the circumstances.

We have the additional fact that the jury was thereupon called and sworn; that each juror was examined separately by each of the counsel, and both sides expressed satisfaction with each juror and withdrew all challenge to him before being sworn. This constitutes a second and clear waiver of the challenge to the panel.

As before intimated, if the defendant had, at the time of the trial, any right to attack the special jury law for Westchester county, under his attempted challenge to the panel of grand jurors, the opportunity was afforded him at the same time when the challenge to the panel of trial jurors should have been tried.

The law presumes the constitutionality of every statute until the contrary is made to appear. We, therefore, express no opinion as to the constitutionality of the special jury law for Westchester county, as the question is not presented at this time.

The defendant was indicted by a grand jury and tried by a

trial jury selected from the citizens of Westchester county under the forms of law, and the presumption is that he has been fairly dealt with and accorded all of his constitutional rights. The right of the defendant which is said to have been invaded at this trial is shadowy, and aside from all technical argument does not appeal to the judicial sense of justice. The trial having thus proceeded under the forms of law, it is urged that the defendant's rights have been disregarded, notwithstanding he has failed to show any ground of legitimate challenge to a grand or trial juror.

We are satisfied that the legal questions in this case were properly disposed of in the court below, and that the judgment of conviction should be affirmed.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment of conviction affirmed.