## .COUNTY COURT—SARATOGA COUNTY.
### November, 1909.

## MATTER OF WILLIAM BALDWIN.

(65 Misc. 153.)

GRAND JURY—INSPECTION OF MINUTES OF.

> An order granting the defendant in a criminal action leave to inspect the minutes of the grand jury should not be granted to enable the defendant to prepare for trial upon the merits, but only to enable him to move to dismiss the indictment, for the reasons specified in section 313 of the Code of Criminal Procedure, or where his constitutional rights have been invaded.

MOTION requiring the district attorney of Saratoga county to deliver to defendant a copy of the testimony produced against him before the grand jury.

*Robert W. Fisher,* for motion.

*William T. Moore, District Attorney,* opposed.

ROCKWOOD, J.:

William Baldwin has been indicted by a grand jury of the county of Saratoga, charged with having committed the crime of assault in the second degree and attempted rape. He now moves for an order requiring the district attorney to deliver to him or his attorney a full and complete copy of the testimony which was produced against him before the grand jury when the indictment was found.

It has been the uniform practice of courts having jurisdiction of criminal causes to deny a motion for the inspection of the minutes of a grand jury for the reason that it has been found that the granting of such motions operates to impede

and delay the trial of criminal causes and to unjustly prejudice the people in their prosecution of a person accused of crime.

In the moving papers, the defendant does not allege that any constitutional rights have been invaded by the finding of the indictment against him; nor does he aver that he intends to move to set aside the indictment for the reasons pointed out by the statutes which authorizes the granting of such relief. Further, there is no statement that the proceedings of the grand jury were irregular. The allegation of the affidavit of the defendant is that he " fears that false or mistaken testimony will be produced against him on the trial of such indictment and that it will be impossible to guard against the admission of and to rebut such false or mistaken testimony unless he be provided with a copy of the testimony produced against him before the grand jury."

In other words, the defendant asks that an inspection of the minutes of the grand jury be granted him so that he can prepare for the trial of the case upon the merits. Within the authorities, this is not sufficient to warrant the granting of the order.

In *Matter of Montgomery,* 126 App. Div. 72, it is held in substance that the sole purpose for which an inspection of the minutes of the grand jury can be granted is to enable the defendant to make a motion to set aside the indictment for the reasons stated in section 313 of the Code of Criminal Procedure and where his constitutional rights have been invaded.

There is nothing in the moving papers here which discloses an intent to make a motion to set aside the indictment; nor, as stated above, is there any allegation of an invasion of constitutional rights. There has been a preliminary examination in this case, of which the defendant has had the benefit, and the names of the witnesses which testified before the grand jury are indorsed upon the indictment. While it is true that the age of the plaintiff (four years) is such as to warrant great scrutiny

of any testimony given by her, still the moving papers are insufficient to entitle the defendant to the order asked.

Other cases in which the motion of a defendant accused of crime to inspect the minutes of the grand jury have been adversely passed upon are *People v. Glen,* 173 N. Y. 395; *People v. Sexton,* 187 id. 495.

The defendant had the benefit of the examination of the complainant before a magistrate, and there is no presumption that her testimony before the grand jury was changed in any material respect. For all of the reasons aforesaid, the motion must be denied. But, as the defendant may contemplate the making of a motion under section 313 of the Code of Criminal Procedure, this denial may be without prejudice to any other motion which the defendant may see fit to make.

Motion denied.