THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ISIDOR J. KRESEL, Defendant.*

Supreme Court, New York County, November 28, 1931.

*Thomas C. T. Crain, District Attorney [James Garrett Wallace, Assistant District Attorney, of counsel], for the People.*

*John W. Davis [Samuel Untermyer and Theodore Kiendl of counsel], for the defendant.*

HARRIS, J. This is an application by which the defendant seeks to have the district attorney submit for his inspection a copy of the testimony of the defendant herein given on the 9th day of February, 1931, in reference to a so-called Boliver transaction, before a grand jury which, at that time, was considering a complaint on behalf of the People against one Marcus and others, which proceeding later led to an indictment in an action entitled The People of the State of New York against Marcus and others.

The defendant herein was called as a witness before such grand jury and waiving immunity (this due to the fact that he was one of the persons against whom complaint had been made), such defendant testified before such grand jury on the matters then the subject of inquiry. His appearance before the grand jury was at a time when he was ill and his testimony before such grand jury

* See, also, 141 Misc. 593.

took a considerable period of time. The defendant herein was one of those indicted in the above-mentioned action of the People of the State of New York against Marcus and others. Due to his illness, the indictment was severed as against him and was tried as against the other defendants. On the trial of such indictment against such other defendants the defendant herein appeared as a witness and testified on behalf of the defendant Marcus and his codefendants. During the course of his testimony, he was cross-examined about the testimony which the prosecution claimed he had given on February 9, 1931, before the grand jury which subsequently indicted the said Marcus and codefendants. He was specifically asked whether before such grand jury he had made the following statement: " but the very fact that it was passed through that way indicates that there was something suspiciously wrong about it. I would have nothing to do with that sort of a transaction. It is unfortunate that the man who was in my employ was the man who had charge of it." He thereupon denied making the statement so quoted. Based on such denial, the defendant herein has been indicted for the crime of perjury, the indictment being that in this action. The defendant now makes the application above stated, claiming that proper preparation for his defense requires that the district attorney of New York county furnish to him a copy of the testimony given by the defendant on February 9, 1931. The learned and able district attorney of New York county opposes this application on the grounds, *first*, that there is no authority in the law of this State which requires a district attorney to make available to a defendant any material in the hands of the district attorney, which material was assembled by such district attorney in the course of preparing for prosecution of an indictment; *second*, that the rule of secrecy appertaining to grand jury minutes prevents him from divulging the testimony of the defendant herein before a grand jury.

In reference to the ground first above stated, the defendant makes an argument which, if this court is not otherwise concluded by authority, is one that appeals to the court as sound in basis. That is, the argument that the People of the State are not seeking victims but criminals, and that each person accused of crime should be given the benefit of every reasonable opportunity to prepare for his defense and to prove his innocence. (*People* v. *Bellows*, 1 How. Pr. [N. S.] 149; *Daly* v. *Dimock*, 55 Conn. 579.)

The attention of the court is drawn to the fact that the testimony of the defendant before the grand jury on February 9, 1931, was voluminous, and as it covered matters of great intricacy, could not well be remembered in detail, even though the defendant

herein was a witness in his own behalf in this action, and that his counsel cannot gain exact information as to what his testimony was on February 9, 1931, before the grand jury, except by inspection of the minutes of such testimony. What that testimony of February 9, 1931, was has a most important bearing on the trial of the issues raised in this indictment and the plea of the defendant herein. It is true that the defendant is accused of perjury in making a statement before the trial jury on the indictment of People v. Marcus and others, but the material fact concerning which he is accused, of making false oath, is a denial that at a previous time, *i. e.*, before the grand jury on February 9, 1931, he made a certain statement. What that statement was and what it meant is contained in the grand jury minutes which the defendant herein seeks to inspect. It may be that an inspection of the entire grand jury minutes will show an absence of such statement, or inconsistencies in respect to such statement, or a context such as may convince a trial jury that the statement was not made in the manner and sense in which it was quoted before the trial jury in People v. Marcus and others. Thus it is readily seen the testimony of the defendant herein before such trial jury becomes of the highest importance as evidence in the trial of the indictment pending herein. It may be used by the prosecution in proving that the statement denied was made; it may be of value to defense in showing that the statement denied was not made or was made under such circumstances that a contradiction of it could be excused, either as truthful or as due to lack of memory or as otherwise made without corrupt intent.

In other jurisdictions evidential matter which is in the hands of the People and which would be of value, either in proving or disproving the guilt of the defendant, has been made available for the use of the defendant (2 Bishop New Crim. Proc. [2d ed.] 771, 722, and cases therein cited), and in a recent decision in this State the court followed such procedure to make evidential matter available to the defense. (*People* v. *Radeloff*, 140 Misc. 690.)

Counsel for both sides cite *People ex rel. Lemon* v. *Supreme Court of the State of New York* (245 N. Y. 24) as authority for the disposition of this application, the defense claiming that the opinion in such case gives a basis for its application, and the People contending that such opinion gives ample reason to deny the application herein. A reading of the able opinion of the learned chief judge in such case shows that the application in the case was for matter not evidential in character and that the learned Court of Appeals left for some future occasion the decision of the question as to whether evidential matter in the hands of the People should be made available for the use of the

defense. The reasoning followed by the learned chief judge in his opinion on the question at point here is such as to incline this court to believe that in a case where evidential matter is in the hands of the People and is needed by a defendant to afford him a fair trial, the court would grant an application to inspect such evidential matter. This conclusion is reinforced by the comment of the learned Court of Appeals in *People* v. *Miller* (257 N. Y. 54) on the failure of a district attorney to produce for the use of the defendants grand jury minutes used as the basis for the cross-examination of a witness. If we reach the conclusion that evidential matter should be made available on trial, this leads to the further conclusion that, in a case similar to the one here, where the matter sought is of great volume and intricacy, that such matter should be furnished by the People for inspection by the defendant's counsel before trial so as to avoid delay during the trial.

There comes now for discussion the contention of the learned district attorney that, because the matter, inspection of which is sought, consists of grand jury minutes, such matter is clothed in secrecy and may not be divulged. It now becomes necessary to consider why the proceedings before a grand jury are ordinarily held secret. (Code Crim. Proc. § 265.) Such reasons may be summarized as follows: (a) The need to avoid embarrassment of witness before the grand jury; (b) the necessity of keeping from accused opportunities to escape arrest or to prepare false testimony. (Wigm. Ev. [2d ed.] §§ 2360–2363; *People* v. *Miller, supra; People* v. *Steinhardt*, 47 Misc. 252.)

This court feels that, in view of the fact that several of the defendants in the case of People v. Marcus and others, have been tried and that this defendant on such trial was examined as to his testimony before the grand jury, the need for secrecy no longer exists to such an extent that it should be superior to the right of the defendant to have an opportunity to prepare for trial — where such secrecy might prevent his having a fair trial due to inability to prepare his defense.

For the foregoing reasons this court has reached the conclusion that the defendant herein is entitled to have an inspection of his testimony of February 9, 1931, in reference to the so-called Bolivar transaction before the grand jury, and to make a copy of such testimony.