THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK S. MACNER, Defendant.

Supreme Court, Oneida County, June 21, 1939.

*John J. McGinty, District Attorney* [*Earle C. Bastow, Assistant District Attorney*, of counsel], for the plaintiff.

*Adam V. Wasileski*, for the defendant.

CROSS, J.  The defendant, Frank S. Macner, was indicted by the grand jury of Oneida county for the crime of perjury in the first degree during the Trial and Special Term of the Supreme Court convened on the first Monday of March, 1939, and duly continued; the said indictment being duly presented and filed May 19, 1939, by said grand jury engaged, among other matters, in the investigation of charges that various persons had paid money to obtain appointment to the police department of the city of Utica.  An order was procured to show cause why an inspection of the grand jury minutes should not be granted, returnable June 20, 1939, before the Oneida County Special Term.  The order and affidavit upon which it was granted were served upon the district attorney

on the 19th day of June, 1939, after the indictment had been moved for trial by the People.

The motion to inspect the minutes of the grand jury is based upon the following grounds:

1. That defendant was compelled to be a witness against himself before the grand jury on four different occasions.

2. That many questions were asked which defendant does not now remember.

3. That upon one of the hearings, the date of which defendant does not identify, certain explanations were made by him with the purpose and effect of making his testimony as a whole, insufficient to warrant the finding of the indictment.

4. That defendant requires the inspection of the grand jury minutes in order to prepare for trial.

The People, upon the argument of this motion, filed an affidavit of Assistant District Attorney Bastow, wherein it was stated, among other things, that the defendant was a witness before the grand jury on four separate and distinct occasions, covering a period of time from the 9th day of March, 1939, to the 17th day of May, 1939. The affidavit further stated that the testimony of the defendant before said grand jury, which the indictment alleges was false, was given on the 28th day of March, 1939, and that no attempt on the part of the defendant to correct his testimony was made before the grand jury until at least six weeks subsequent to the time of the original false testimony; that this correction was not made until subsequent to an independent investigation conducted by the district attorney, resulting in the information that defendant's testimony before the grand jury on March 28, 1939, was false and untrue.

The affidavit of said assistant district attorney has attached thereto and made a part thereof, a copy of a waiver of immunity dated March 28, 1939, signed and acknowledged by the defendant on that date, the original being filed in the office of the clerk of Oneida county, reading as follows:

THE PEOPLE OF THE STATE OF NEW YORK  
vs.  
JOHN DOE, et al

STATE OF NEW YORK,  
COUNTY OF ONEIDA,  
CITY OF UTICA.

" I, Frank Macner of Utica, in Oneida County, N. Y. pursuant to the provisions of Section 2446 of the Penal Law of the State of New York, do hereby waive all immunity which I would otherwise obtain from indictment, prosecution, punishment, penalty or

forfeiture, for or on account of or relating to any transaction, matter, or thing, concerning which I may testify or produce evidence documentary or otherwise, in the investigation above mentioned and before any judge, or justice, court or other tribunal conducting an inquiry or legal proceeding.

" I do hereby further waive any and all privileges which I would otherwise obtain against the use against me of the testimony so given or the evidence so produced upon any criminal investigation, prosecution or proceeding:

" And I hereby direct that this waiver be filed in the office of the County Clerk according to law.

" Dated, UTICA, N. Y., *March* 28, 1939.

" FRANK S. MACNER

Witness:

" STATE OF NEW YORK,  
  COUNTY OF ONEIDA, } ss:  
    CITY OF UTICA.

" On this 28 day of March, 1939, before me personally appeared Frank Macner, to me personally known and known to me to be the individual described in and who executed the above waiver and he duly acknowledged before me that he executed the same.

" ALICE M. BOSTWICK  
" *Notary Public, Oneida County, N. Y.* "

The alleged crime with the commission of which the defendant is charged was committed within Oneida county, and the grand jury of such county had jurisdiction, upon sufficient evidence, to present him by indictment for trial.

The court to which an indictment is returned may, in a proper case, allow the accused to inspect the minutes of the grand jury which finds the indictment. A motion for permission to examine the minutes is addressed solely to the discretion of the court and may not be granted as a matter of right. (*Eighmy* v. *People*, 79 N. Y. 546, 560.)

The minutes of the grand jury were handed to the court on the argument of the motion and a careful inspection of the minutes by the court indicates that there was sufficient evidence before the grand jury after the waiver of immunity was executed by the defendant to return an indictment and that all the evidence on which the indictment is based was voluntarily given by the defendant subsequent to his execution of said waiver of immunity and while the same was in full force and effect.

The affidavit of the assistant district attorney discloses, however, that the defendant testified before said grand jury on the 9th day

of March, 1939, and it does not appear in the record before the court that the defendant had executed a waiver of immunity at the time of such examination. This court does not express an opinion whether the minutes of the grand jury relating to the testimony of the defendant, prior to his execution of a waiver of immunity, disclose that the constitutional right of the defendant not to be compelled to be a witness against himself has been invaded. The answer to that question is within the province of the Oneida County Court wherein the indictment is pending. The duty of this court is, however, to so regulate its action in the premises that the defendant is not deprived of the opportunity to make the motion and avail himself of his rights in the due administration of the law. The defendant, however, in his affidavit upon this motion makes solemn oath that he was compelled to be a witness against himself. The waiver of immunity apparently signed and verified by him in due form, makes sufficient reply to the defendant's claim in this respect, so far as his testimony on the the hearings held March 28, 1939, and subsequent thereto, are concerned.

The defendant states in his moving affidavit that he seeks an inspection of the grand jury minutes in order to prepare for trial. The law is well settled that an inspection will not be granted for such purpose. (*Matter of Baldwin*, 65 Misc. 153; *People* v. *Steinhardt*, 47 id. 252.)

The defendant has not leveled his motion to the requirements on the ground of inspecting the grand jury minutes in preparation for trial and presentation of his defense. This is not the time to consider to what extent inspection might be directed at the trial as an aid to cross-examination after the witnesses had testified. (4 Wigmore on Evidence [2d ed.], § 2224; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 34.) On this motion, an inspection of the minutes of the grand jury cannot be had for the purpose of prying into the case of the People.

While the defendant does not specifically state that his purpose in securing an inspection of the grand jury minutes is to enable him to move to set aside the indictment on the ground that his constitutional rights have been invaded (*Matter of Montgomery*, 126 App. Div. 72; *People* v. *Jakeway*, 88 Misc. 124), the statement in his moving affidavit that he was compelled to be a witness against himself, I think fairly raises the question as to whether the indictment is based in part upon the testimony of the defendant given when he was compelled to be a witness in violation of his constitutional rights. (*People* v. *Steinhardt*, 47 Misc. 252, 259, 260.) The court can set aside an indictment where the constitutional

rights of the defendant are invaded. (*People* v. *Borgstrom*, 178 N. Y. 254, 257, 258; *People* v. *Glen*, 173 id. 395.) Such a motion should be addressed to the Oneida County Court wherein the indictment is pending and awaiting disposition. In order to make such a motion, the minutes of the grand jury relating to the testimony of the defendant, prior to the signing and execution by him of a waiver of immunity, ought to be available. The defendant will be precluded from making such a motion effectively unless he has the minutes of the grand jury covering his testimony, prior to the execution of the waiver of immunity as a basis for the relief sought. This is not to say that this court inclines to the belief that the indictment should be dismissed. This is a matter for the County Court to which the indictment has been duly transferred for trial. (*People ex rel. Hirschberg* v. *Supreme Court*, 269 N. Y. 392.)

The defendant should have opportunity to make such motion in good faith. His bad faith will not be implied since he makes affidavit that he was compelled to be a witness against himself, and no waiver of immunity having been called to the attention of the court as to defendant's testimony, prior to March 28, 1939. The inspection of the minutes of the grand jury, however, should be limited to the testimony given by the defendant, prior to the 28th day of March, 1939, when he executed a waiver of immunity.

An inspection by this court of the grand jury minutes of defendant's testimony, prior to the execution of the waiver of immunity, fails to lead this court to the conclusion that its publication will be prejudicial to the public interest. (*People* v. *Walsh*, 262 N. Y. 140, 150.) This court is not convinced that the rights of this defendant entitle him, in the exercise of judicial discretion, to an order to inspect the minutes of the grand jury to any greater extent than above indicated. This conclusion is reached upon a full consideration of the appropriate law and facts embracing not only the legal and constitutional rights of the defendant, but as well, the rights of the People of the State of New York and the public interest.

Motion to inspect the minutes of the grand jury granted to the extent indicated and otherwise denied.

Prepare order in accordance with this opinion.