Daniel J. O’Mara, J.
The defendant, under indictment for the crime of murder in the first degree, through his counsel, challenges the panel of trial jurors who have been drawn for the trial of the said indictment. The challenge has been made and must be made pursuant to the provisions of section 362 of the Code of Criminal Procedure. The said section reads as follows: 1 ‘ A challenge to the panel can be founded only on a material departure, to the prejudice of the defendant, from the forms prescribed by the judiciary law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff, or in the city of New York, the county clerk of the county to summon one or more of the jurors drawn. ’ ’
The basis of the defendant’s challenge is set forth in the following language: ££ The grounds of this objection and challenge is that in connection with the selection, examination, drawing and summoning of the said special panel of trial jurors, as aforesaid, there is and has been in the particulars hereinafter pointed out, a material departure, to the prejudice of the defendant, from the forms prescribed by the Judiciary Law and by Chapter 484 of the Laws of 1946 (Sections 4021 to 4042, both inclusive of the Unconsolidated Laws).”
The closing paragraph of the defendant’s written challenge, dated November 23, 1949, reads as follows: ££ That for the reasons aforesaid, this special panel of jurors to which this objection and challenge is directed, has not been examined, drawn and summoned in accordance with the statute to the prejudice of this defendant, and that this defendant can not obtain before such panel or any other panel to be drawn from this present jury box, the type of trial by jury which is guaranteed to him by the Constitution of the State of New York and the Constitution of the United States and by common law.”
It will, therefore, be observed that the defendant’s written challenge because of its attack upon the £ 1 drawing ’ ’ and the ££ summoning” (which constitutes part of the return) of the panel sufficiently complied with the provisions of section 362 of the Code of Criminal Procedure, and it was because of that particular attack that the court saw fit to allow the challenge and proceeded to try the sufficiency of the claimed facts.
After giving the defendant every available opportunity to establish facts which might constitute a material departure to the prejudice of the defendant, from the forms prescribed by the Judiciary Law, in respect to the drawing and return of the *520 panel to try the defendant, the testimony is absolutely barren of any facts to substantiate the defendant’s claim that the drawing or the return of the said panel was conducted in such a manner as to constitute a material departure, to the prejudice of the defendant, from the forms prescribed by the Judiciary Law.
It is apparent from the language used in section 362 of the Code of Criminal Procedure that a challenge to a panel of jurors in a criminal case must be based upon a material departure, to the prejudice of the defendant, from the forms prescribed by the Judiciary Law, to either the drawing of the panel or the return of the panel on the part of the Sheriff.
The testimony presented during the course of the hearing on the challenge was centered almost entirely upon the method pursued by the Commissioner of Jurors in connection with the selection of the 10,246 registrants who go to make up the present jury list for jury service in the courts of this county.
The word “ drawing ” as used in section 362 of the Code of Criminal Procedure has reference to the procedure incident to the actual drawing of the names of eligible jurors as contained in the so-called jury wheel. In other words, the drawing from the names of the 10,246 presently contained in the jury wheel. The words ‘1 return of the jury ’ ’ as used in section 362 of the Code of Criminal Procedure, has reference to the procedure followed by the Sheriff in summoning into court the jurors drawn.
I desire to point out that the word i( selection ” not being used in section 362 of the Code of Criminal Procedure it, therefore, follows that a successful challenge to a panel of trial jurors drawn for the trial of a criminal case cannot be sustained because of irregularities incident to the general selection of jurors on the part of the Commissioner of Jurors and as authorized pursuant to the provisions of chapter 484 of the Laws of 1946.
A perusal of the leading authorities in this State indicates that when challenges have been made to a panel of trial jurors in a criminal case, pursuant to the provisions of section 362 of the Code of Criminal Procedure, in nearly every case the basis of the challenge was directed to claimed irregularities in connection with either the drawing of the jurors or the return as made by the Sheriff. Reference is herewith made to some of the leading decisions in this State upon the question under consideration :
The case of People v. Jackson (111 N. Y. 362) involved the drawing and summoning of a panel of trial jurors; the case of People v. Cosmo (205 N. Y. 91) involved a challenge to a trial *521 juror after the rendition of the verdict; the case of Ferris v. The People (35 N. Y. 125) had to do with a claimed irregularity in the drawing of the jury; the case of People v. Damron (212 N. Y. 256) involved a challenge of a special statute upon constitutional grounds in connection with the drawing of a panel of jurors; the case of People v. Ebelt (180 N. Y. 470) consisted of a challenge to a panel of trial jurors upon the ground that the act under which they were drawn was unconstitutional by virtue of which there was a material departure to the prejudice of the defendant in respect to the drawing and return of the jury; the case of People v. Borgstrom (178 N. Y. 254) challenged the constitutionality of a special jury act and it was claimed by virtue thereof that there was a material departure to the prejudice of the defendant from the forms prescribed by the Code of Criminal Procedure in respect to the drawing and return of the panel of trial jurors; in the case of People v. Packenham (115 N. Y. 200) the ground of the challenge was that the court had discharged jurors from the panel. In this case the court held that the challenge interposed was not one which could be taken by a challenge to the panel and cited as its authority section 361 of the Code of Criminal Procedure and People v. Jackson (111 N. Y. 362).
I made reference to the cases cited for the purpose of showing that none of the challenges to the panel of trial jurors were made upon the ground that the selection of the panel was founded upon a violation of the provisions of section 362 of the Code of Criminal Procedure and I have been unable to find any authority which sustains a challenge to a panel of trial jurors made pursuant to provisions of section 362 of the Code of Criminal Procedure having to do with the selection of a trial panel.
It is perfectly obvious to me, having in mind the provisions of section 362 of the Code of Criminal Procedure, that the defendant’s challenge to the panel of jurors must be and hereby is disallowed.
I am likewise satisfied that even though section 362 of the Code of Criminal Procedure applied to the method pursued in initially selecting the names constituting a panel of trial jurors, that the facts produced during the course of the hearing could not be said to constitute a material departure, to the prejudice of the defendant.
Having decided the defendant’s challenge to the panel of jurors as above indicated, it becomes unnecessary to pass upon the claim that the panel as drawn to try the defendant does not represent a cross section of the registrants whose names appear upon the registration lists of the County of Monroe. Neither *522 does it become necessary to pass upon the defendant’s claim that the panel constitutes a so-called blue-ribbon panel.
The defendant’s challenge to the panel of trial jurors is hereby disallowed.