Louis G. Bruhn, J.
This is a motion on behalf of the defendant for an order dismissing the indictment against him on the ground he has obtained immunity by reason of having been compelled to testify before a Grand Jury and as a result thereof has been indicted.
The defendant also seeks an inspection of the minutes of the Grand Jury which resulted in an indictment found against one Leonardo Correa as well as the minutes of the Grand Jury which resulted in the indictment found against him.
On January 28, 1959 the Grand Jury returned an indictment against Leonardo Correa charging him with assault in the second degree occurring on November 21, 1958 against the instant defendant, Larry Yerkes.
Concededly, Yerkes had been subpoenaed as a witness before such Grand Jury and had not been advised of any rights or given any immunity by that body.
Subsequently, on March 31, 1959 the Grand Jury for that term of court returned an indictment against the instant defendant for violating section 1433 of the Penal Law of the State of New York alleged to have been committed also on November 21, 1958.
On that occasion the defendant was not subpoenaed and did not testify as a witness or otherwise.
"While the defendant alleges the indictment against him arose out of and under the same facts and circumstances as the assault by Leonardo Correa, the testimony before the January and March 1959 Grand Juries does not bear out such contention.
While both alleged violations occurred on the same date, in the opinion of this court, they were separate and distinct since the violation of assault against the instant defendant occurred outside the premises, while the defendant’s alleged violation occurred after the alleged assault and inside the premises and in no way involved Correa.
*892 This court is familiar with the recent case of People v. Steuding (6 N Y 2d 214) and had the instant defendant testified before the March 1959 Grand Jury which indicted him, there seems little question but that his motion for a dismissal would have to be granted.
That court (pp. 216-217) had this to say: “By virtue of the Constitution of this State (art. I, § 6), a prospective defendant or one who is a target of an investigation may not be called and examined before a Grand Jury and, if he is, his constitutionally-conferred privilege against self incrimination is deemed violated even though he does not claim or assert the privilege.”
The court (p. 217) further stated: “ A violation of the constitutional privilege carries with it a dismissal of the indictment returned by the Grand Jury before which the defendant testified.” (Emphasis supplied.)
Therefore, since no indictment was returned against the defendant Yerkes by the January 1959 Grand Jury before which he testified, no constitutional privilege against self incrimination was violated and consequently this motion is denied.
Turning next to the motion for an inspection of the minutes of the January 1959 Grand Jury which returned an indictment against the defendant Correa, it is the opinion of this court that such motion should likewise be denied.
Justification for such determination is found in the case of Matter of Martin (170 Misc. 919) in which the court (p. 920) stated: “ The purpose of permitting an inspection of grand jury minutes is to enable the defendant to move for a dismissal of his indictment if found against him in violation of law * * * and the rule adopted by the courts is almost universal not to grant an inspection except to a defendant named in the minutes sought to be inspected and for the reason above stated. A motion of this kind is not intended as a discovery proceeding even by a defendant, in preparation for trial, either civil or criminal, in which the defendant is involved * * * unless, for special reasons shown by the defendant, a denial of an inspection of the grand jury minutes would amount to a denial of a fair opportunity to prepare his defense. (People v. Kresel, 142 Misc. 88.) ”
No special reasons such as suggested by the Kresel case (supra) are contained in the defendant’s moving papers.
The defendant’s motion for an inspection of the minutes of the March 1959 Grand Jury which indicted him must also be *893 denied since the only affidavit submitted in connection therewith was that of his attorney which contains only the following as the basis for this motion:
“ The defendant Larry Terlces has consistently denied having damaged and destroyed any property of Edward Haims knowingly and maliciously. That the damage, if any, was caused as a result of the acts of the aforesaid Leonardo Correa arising out of the alleged assault.
“ I submit that there is no evidence whatsoever against the defendant in view of the plea of guilty of the said Leonardo Correa, to the assault upon the defendant Larry Yerkes and the actions which occurred surrounding the said assault. I do not know what testimony could possibly have been taken before the Grand Jury other than testimony of the party Edward Haims. I verily believe such testimony in view of the guilty plea of Leonardo Correa is insufficient upon which to base an indictment.” (See People v. McOmber, 206 Misc. 465, 472.)
For the reasons stated, all three motions are denied.
Submit order.