Ellsworth N. Lawrence, J.
The defendant, formerly Executive Secretary of the Suffolk County Civil Service Commission and now Commissioner of Jurors of that county, has been indicted for forgery in the third degree, violations of sections 1838 and 2050 of the Penal Law and for perjury in the first degree, the last claimed to have taken place when he testified before the Grand Jury investigating such matters. The indictment contains 35 counts, 7 of them for perjury.
I have already written two opinions in this matter.
In the first I denied a motion by the defense to inspect the Grand Jury minutes or alternatively for dismissal of the indictment (29 Misc 2d 485).
In the second I granted a motion for discovery and inspection in advance of trial of those Grand Jury exhibits which I determined to be evidentiary. These I held would include the supposed forged documents, samples of the handwriting of seven police officers whose handwriting was allegedly forged and samples of the defendant’s handwriting (29 Misc 2d 491).
It was my view that discovery and inspection of such items of real evidence should extend not only to those documents which were the subject of the charge, but also to those which were used before the Grand Jury as standards of comparison and which would presumably be so used during the trial.
I felt that justice required that the defendant should have the opportunity to have handwriting experts of his own choice examine such documents in advance of trial, thus insuring to the defendant an equal opportunity to prepare.
*496 As I see it, this last determination is based on the inherent power in courts of criminal jurisdiction to compel discovery of documents in furtherance of justice. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 32; People v. Gatti, 167 Misc. 545, 552.)
I am now confronted with a most interesting problem, based on the charges of perjury, first degree. As indicated, there are seven counts of perjury arising from testimony given by the defendant under waiver of immunity before the Grand Jury. It is charged that such perjury was committed on December 8, 1960.
The defendant actually testified, always under waiver of immunity, on October 13, October 27, November 17 and December 8.
In the current motion the defendant seeks an order to compel the District Attorney to furnish him with a copy of all of his own Grand Jury testimony.
As I see it, this motion is in the nature of a discovery proceeding and should be tested by the same rules.
It would seem clear that such a motion should not be granted where the result is merely to enable a defendant to pry into his opponent’s case.
It would seem that if there is an inherent power in a court of criminal jurisdiction to permit discovery of evidentiary documents in advance of trial in furtherance of justice, the same inherent power would permit a defendant in advance of trial to have discovery of his previous Grand Jury testimony to the extent necessary to further justice. As pointed out in People v. Qatti (supra) the problem is where to draw the line.
There is the further consideration here too, that Grand Jury evidence should be kept secret. (Code Crim. Pro., § 258.) But as pointed out in People v. Miller (257 N. Y. 54, 56) that is a rule not without exceptions, some of them declared by statute (Code Grim. Pro., § 259), others implied by court when essential to the ends of justice.
The test then, would seem to be whether or not the discovery of Grand Jury testimony can be said to be in furtherance of justice or essential to the ends of justice. If it is, the fact that a portion of the People’s case is thus disclosed to the defense must be accepted.
The People claim that People v. Steinhardt (47 Misc. 252) and People v. Macner (171 Misc. 720) are authority for the proposition that where a witness has testified before the Grand Jury under waiver of immunity, he may not have discovery of his own Grand Jury testimony. But neither of these cases dealt with discovery as such. In each of them, the defendants had first *497 testified without waiving immunity and had later testified under waiver. Inspection of such testimony as had been given before the waiver was permitted in order that the defendants, armed with it, could move to dismiss the indictments for violation of the privilege against self incrimination. These cases thus turn upon the right to move for dismissal, not upon the right to discovery.
As I see it, the Steinhardt and Macner cases are merely authority for the general proposition that a defendant should not be able to pry into his opponent’s case. As previously demonstrated, where discovery is essential to the ends of justice, justice must be served although this involves a disclosure of a portion of the People’s case.
If furtherance of justice requires that a defendant should be able to have discovery of a document so that his handwriting experts may examine it in order to prepare for trial, it is surely arguable that his counsel, being a legal expert should be entitled to examine the pertinent portions of his G-rand Jury testimony not only to see what the defendant then said but also to see whether what he then said was taken out of context, and whether it was said in the sense in which the People claim. Defense counsel might well wish to examine the pertinent Grand Jury testimony for inconsistencies, apparent lack of memory and the like (cf. People v. Kresel, 142 Misc. 88, 90). Such examination might supply the defendant with knowledge essential to the neutralization of the damaging testimony. Shades of meaning, stress, additions or omissions might be found which would place the answers in a different light (cf. People v. Rosario, 9 N Y 2d 286, 289).
I have used the word “pertinent” with reference to the G-rand Jury testimony. By this I mean that discovery should only extend to such testimony as “ relates to the subject matter ” (People v. Rosario, supra).
The specific charges of perjury here, as amplified by the bill of particulars, are that the defendant’s perjury related to the “ answer sheets ” of the seven police officers. These were part of their examination papers.
Thus the answer sheets became the subject matter of the inquiries. By the bill of particulars, the People have limited their claim of perjury to testimony given in relation to those answer sheets.
If the defendant is to be allowed to have discovery of any of his G-rand Jury testimony, it would seem that discovery should extend only to the questions asked and answers given in relation to those answer sheets.
*498 To go further in my judgment would enable him to pry into the People’s case. But should we go so far?
I think we must. The defendant is, I believe, entitled to know specifically what it is claimed he swore to under oath as to those answer sheets. These are the subject matter of the charges against him.
It will be seen that I do not go as far as the ruling in People v. Kresel (supra) where the defendant was allowed to have all of his own Grand Jury testimony. That case was criticized in People v. Gatti (supra) where the court said “ How far it should be followed, if at all, is a large question ”,
Keeping in mind what Judge Freschi said in People v. Gatti (supra), to the effect that trial courts should not set up conflicting theories in discovery proceedings, it might be well to ground this opinion upon the peculiar nature of perjury or upon the fact that the crime is alleged to have taken place in the presence of the Grand Jury, or upon both. All I attempt to do here, lacking higher authority, is to hold that this is a case for the exercise of the inherent powers of a court of criminal jurisdiction.
I cannot help but be concerned with the result of this opinion. In 1933, in People v. Walsh (262 N. Y. 140, 149) the Court of Appeals laid down the rule that the pretrial statement of a prosecution witness, could, on demand of the defense, be examined by the court for inconsistent matter, whereupon, if the court determined that the statement contained inconsistencies, the defendant was allowed to use only that part of such statement for purposes of impeachment.
It was pointed out in Gatti that the problem there (and here) presented is closely related to the problem presented in Walsh. We should keep in mind too that in the Lemon case, Judge Cardozo said: “ [t]here may be something of kinship here to the power to compel inspection in furtherance of justice ” (People ex rel. Lemon v. Supreme Court, supra, p. 31).
But the rule in Walsh has now been abandoned so that the defense is entitled to examine the witness’ prior statement irrespective of inconsistencies. (People v. Rosario, supra.)
If the problems are still to be regarded as closely akin, is it not perhaps arguable that a defendant who has testified under waiver of immunity should have discovery not only of what a Judge determines to be proper, but of his whole Grand Jury testimony, to enable him to make his own determination?
The answer may lie in what is meant by the phrase “ relates to the subject matter ”. It may lie in some distinction to be drawn between a pretrial statement and Grand Jury testi *499 mony. It may lie in the secrecy which surrounds Grand Jury proceedings.
These problems must await the determination of a higher court. Here I am satisfied that discovery should extend as far as indicated and no further.
I have examined all the defendant’s testimony as carefully as I can. I determine that he is entitled to have discovery of that portion of his testimony given on December 8, 1960 commencing with page 145, line 9, and continuing until the completion of his testimony on that day at page 156, line 5.
I also determine that the defendant is entitled to have portions of his testimony given on October 13, 1960. These are as follows: page 35, line 18, through page 36, line 17; page 71, line 19, through page 72, line 3; page 77, line 11, through page 77, line 21; page 78, line 13, through page 78, line 22; page 80, line 3, through page 80, line 9; page 80, line 13, through page 81, line 18; page 81, line 22, through page 82, line 13.
Conscious as I am from the opinion in Rosario that “single-minded counsel for the accused ’ ’ might be in a far better position to appraise this testimony than I am, I am nonetheless wholly unable to see any other instance in the defendant’s testimony before the Grand Jury which so relates to the subject matter of perjury as to entitle the defendant to discovery thereof. I accordingly determine that the defendant have discovery only as indicated.