Peter T. Farrell, J.
These motions are considered and determined together because of their interrelationship. In each instance, the indictment includes a charge of assault. Hazell was allegedly assaulted by Hayes on August 4,1961. Hayes was allegedly assaulted by Hazell on August 9, 1961. The same Grand Jury heard testimony on each proceeding separately and presented to this court both indictments.
Hazell seeks inspection of the minutes of the Grand Jury proceeding which resulted in the indictment against him, an order dismissing this indictment and, further, an inspection of the Grand Jury proceeding that indicted Hayes.
Hayes seeks somewhat similar relief. The court received oral argument on both motions in the one hearing; counsel representing each defendant raised essentially the same issues and the moving papers and memoranda of law submitted supplement and complement each other.
*978 Each defendant separately contends that his constitutional rights are violated in that he was compelled by subpoena to appear and testify before the Grand Jury although each refused to waive immunity and each separately expressed a desire to withdraw the charge against the other.
It is evident that each defendant separately and voluntarily initiated the proceeding against the other by the signing of a complaint in the Felony Court below. When a complaint has been lodged, its fate is not determined by the wishes of the person who initiated the proceeding. It becomes a matter then within the control of the District Attorney and the courts and the law enforcement authorities for development and determination.
A review by this court of the testimony adduced before the Grand Jury in each instance indicates that each proceeding was handled separately, without reference to the other. Further, the District Attorney meticulously protected the regularity of each proceeding, and particularly avoided the impairment of any constitutional rights of either party. The fact that the same Grand Jury heard both proceedings, of and by itself, does not vitiate either of the indictments.
The court is of the opinion that the cases cited in memoranda submitted by counsel for each moving party herein (People v. Lamo, 10 N Y 2d 161; People v. Cassidy, 213 N. Y. 388; People v. Yerkes, 19 Misc 2d 890) are not in point and not authority in support of any of the specific remedies sought in each of these proceedings.
Accordingly, each motion is denied in all particulars. Orders herein are separately signed.