(38 Misc. Rep. 357.)

## PEOPLE v. FOODY.

(Court of General Sessions, New York County.   June, 1902.)

1. CRIMINAL LAW—INSPECTION OF GRAND JURY'S MINUTES.

Where defendant has had no preliminary examination in a magistrate's court, an application to inspect the minutes of the grand jury which indicted him should be granted.

2. SAME.

The allowance of an inspection of the minutes of the grand jury by defendant does not unduly invade the secrecy of their proceedings.

3. SAME.

That defendant has been tried before the city commissioner of police on similar charges is no ground for refusing his request to inspect the minutes of the grand jury which indicted him.

Michael E. Foody was indicted for crime, and moves for leave to inspect the minutes of the grand jury.   Granted.

Black, Olcott, Gruber & Bonynge (W. M. K. Olcott, of counsel), for the motion.

William Travers Jerome, Dist. Atty., opposed.

FOSTER, J.   The salutary rule laid down by Judge Blanchard in People v. Molineux, 27 Misc. Rep. 60, 57 N. Y. Supp. 936, based upon many authorities therein cited, and which has since been followed almost without exception in like cases, seems to require me to grant this motion.   The defendant has had no preliminary examination in the magistrates' court, and, therefore, no opportunity to be confronted by, nor to cross-examine, the witnesses against him.   It is true that he has been tried before the commissioner of police on similar charges, but non constat that the charges and the witnesses in this action are identical with those in that proceeding.   Indeed, the defendant's counsel urges that they are different, and offers to withdraw this motion if assured by the district attorney that the witnesses and the testimony are the same.   If different, the defendant ought to be permitted the inspection prayed for, while, if alike, the people cannot be prejudiced by granting him such inspection.   Nor is the secrecy of the proceedings of the grand jury improperly or unjustly invaded by such inspection.   The publicity of the indictment disposes of that. Had the inquest of the grand jury resulted in a dismissal of the charges, then only would it be an injustice to the defendant to give currency to the evidence taken.   I take it the chief reason for the secrecy of the proceedings of the grand jury is that those who are groundlessly accused may not be unnecessarily humiliated by a publication of the ex parte charges made and evidence received against them.

The motion for leave to inspect the minutes of the grand jury herein is granted.   Motion granted.