## PEOPLE v. SNYDER.

(Greene County Court.   October, 1908.)

CRIMINAL LAW (§ 627½*)—TRIAL—INSPECTION OF MINUTES OF GRAND JURY.

One who has been indicted will not be granted permission to inspect the minutes of the testimony taken before the grand jury and for a copy of the minutes, because he was indicted without a preliminary examination and states on information and belief that the indictment was founded on insufficient evidence, although he states that he does not know personally what the evidence was as to the circumstances of the commission of the crime, nor the time and place thereof, where it appears on affidavit of the district attorney that in his opinion the evidence before the grand jury was sufficient and that the indictment disclosed the date upon which and the place at which defendant is alleged to have committed the crime, and that the names of every witness before the grand jury are indorsed on the indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1431; Dec. Dig. § 627½.*]

Leroy Snyder was indicted, and makes application for an inspection of the minutes of the testimony before the grand jury and for a copy of the minutes.  Application denied.

Pierre S. Jennings, Dist. Atty., for the People.
Carroll Whitaker, for defendant.

TALLMADGE, J.  The defendant is charged by indictment with the crime of rape, alleged to have been committed at the village of Catskill, Greene county, N. Y.  The only reason for making the application appearing in the moving papers is:  The defendant alleges that he was indicted without having had any preliminary examination before a magistrate, and he states upon information and belief that the indictment was found upon evidence which is insufficient in law to sustain it.  He therefore asks to inspect the minutes of the testimony before the grand jury, "in order to demur to said indictment, if the same be demurrable."  The defendant then further states in his affidavit that he does not know personally what statements the witnesses made to the grand jury, either as to the day, week, month, or year when the crime for which deponent was indicted is alleged to have been committed, nor the place where the same is alleged to have been committed, nor any of the circumstances or details surrounding the alleged commission of the same, upon which the people rely, except that deponent has been informed that the evidence is insufficient to sustain an indictment, and that a full knowledge of these details, as stated by the witnesses before said grand jury, are essential to deponent to prepare and to make his defense, and that in consequence he does not know whether said indictment is demurrable or not, and he does not know what witnesses to summon in his defense.

It appears from the affidavit of the district attorney that in his opinion the evidence taken before the grand jury was legally sufficient for the purpose of the indictment found.  He further states in his affidavit that the indictment discloses the exact date upon which, and the place at which, the defendant is alleged to have committed the

crime charged against him, and that the names of each and every witness examined before the grand jury are indorsed upon the cover of said indictment as provided by law, and that said indictment was duly filed in the office of the clerk of the county of Greene on or about the 22d day of June, 1907, and that the same has ever since been and now is there on file, and that he personally delivered to Carroll Whitaker, attorney for defendant, a copy of said indictment. The moving papers are entirely insufficient to call upon the court to exercise his discretion favorably toward the defendant in this application. It was never intended by the Legislature that a defendant could be allowed to inspect the minutes or the testimony taken before a grand jury in all cases, upon a simple request by him for said inspection. The defendant has a legal right to know the names of the witnesses who testified before the grand jury. He has the right to be apprised of the time and place where the crime charged was alleged to have been committed, and if the indictment does not clearly allege the time and place the district attorney, on motion, will be required to furnish such data to the defendant.

This is analogous to the practice in civil actions, but the courts never have gone so far as to hold that it is a wise exercise of discretion for a court to require a district attorney to disclose in all cases the testimony upon which the indictment was found, or which he may intend to use in the trial of defendant. While every safeguard is thrown around defendants charged with crime, for the purpose of giving such defendants a fair and impartial trial, testimony with which they are to be confronted at the time of the trial should not be disclosed to the defendant or his counsel without some good reasons appear to the court for such disclosure. If the rule were otherwise, any defendant, if he requested the same, would be permitted to inspect the minutes of testimony upon which the indictment was found. I am referred by the defendant to the case of People v. Molineux, 27 Misc. Rep. 60, 57 N. Y. Supp. 936, where Blanchard, J., in the Court of General Sessions, makes the statement that a defendant who seeks inspection of the grand jury minutes on the sole plea that he has been deprived of the preliminary examination should have the ear of the court. Just what the moving papers showed in that case does not clearly appear. The court says, at page 62 of 27 Misc. Rep., and page 938 of 57 N. Y. Supp.:

"It is contended by the district attorney that this is a motion for an unusual and extraordinary privilege, and that the defendant should not be permitted to inspect the minutes of the grand jury without first showing the court extraordinary cause or necessity therefor. I cannot sustain such contention. There are many precedents for an application like this, and the rule is that the defendant must show cause which will be sufficient in the judgment of the court."

Unless we hold that the statement in the moving papers, to the effect that deponent was indicted without having any preliminary examination before a magistrate, is sufficient to warrant the court in granting the motion, there is nothing in the moving papers to aid the court in any manner in exercising his discretion, because a bare statement upon information and belief that the indictment was found upon

evidence which is insufficient, without showing to the court what the information of the defendant was, or without showing the grounds of his belief, does not put the court in possession of any facts upon which he can exercise his judgment. This is apparent when we read this statement in the affidavit of the defendant and then the sworn statement of the district attorney that the testimony taken before the grand jury was sufficient to warrant the indictment. There are no facts alleged upon which the court can determine the question. In the case of People v. Steinhardt, 47 Misc. Rep. 252, 262, 93 N. Y. Supp. 1026, 1033, which was in the Supreme Court, Kenefick, J., carefully reviews the question under consideration and states as follows:

"So we are confronted with the proposition whether the ignorance of the defendant as to the testimony upon which the grand jury acted and his belief—or, to put it more exactly, his surmise—that it is insufficient in law furnishes a basis for the exercise of the judicial discretion to permit an inspection of the minutes. This position seems to me utterly indefensible, yet it is not surprising that it should be seriously maintained here; for such seems to be the rule laid down in the Molineux Case, 27 Misc. Rep. 60, 57 N. Y. Supp. 936. If that proposition holds true, then the disclosure of the testimony becomes substantially a matter of right, because there is no case in which the defendant could not furnish the same basis for the court's action. It has been suggested that the initiation of the charge before the grand jury without a preliminary hearing before a magistrate is an important, if not controlling, circumstance in granting a motion of this character. People v. Molineux, 27 Misc. Rep. 60, 57 N. Y. Supp. 936; People v. Foody, 38 Misc. Rep. 357, 77 N. Y. Supp. 943; People v. Proskey, 32 Misc. Rep. 367, 66 N. Y. Supp. 736. I cannot conceive why it should be. There is no presumption that the indictment was based on the same evidence as that which was submitted to the magistrate The evidence may be less satisfying or more satisfying. There is no law compelling the grand jury to hear all the evidence presented to the magistrate, and none to prevent the grand jury from hearing more evidence. * * * As the sole ground for motions of this character is to enable the defendant to move to set aside the indictment for the reasons hereinbefore stated, it is difficult to understand how the holding of a preliminary hearing, or its omission, can have any legitimate bearing in determining the right of inspection."

If the defendant had shown by his moving papers the information that he had received which led him to make the statement in his affidavit that the indictment was found upon evidence which was insufficient in law to sustain it, there might be something before the court upon which he could properly exercise his judgment as to whether or not the defendant should be permitted to inspect the minutes. But the most I can gather from the moving papers is that the defendant desires to inspect the minutes for the purpose of ascertaining whether or not there was sufficient evidence to sustain the indictment

That being so, I am of the opinion that the defendant's motion should be denied. It is so ordered.