## COUNTY COURT—SARATOGA COUNTY,

### Nov. 1910

# MATTER OF WILLIAM BALDWIN.

### (69 Misc. 555.)

GRAND JURY—INSPECTION OF MINUTES OF.

> Where a conviction for rape was reversed by the Appellate Division, for the reason that the testimony of the prosecutrix, who was only four years old, was not sufficiently corroborated, an inspection of the minutes of the grand jury will be granted before the new trial to ascertain if any corroboration of her testimony there appeared.

MOTION to inspect the minutes of the grand jury.

Robert W. Fisher, for motion.

William T. Moore, District Attorney, Saratoga County, opposed.

ROCKWOOD, J. William Baldwin was indicted by the grand jury of Saratoga county for the crime of assault in the second degree and attempted rape. He was convicted upon a trial before the grand jury and sentenced to the State prison at Dannemora. An appeal was taken from the judgment of conviction, and in June, 1910, the Appellate Division of the Third Department reversed the judgment, remanding all proceedings to the Saratoga County Court and directing a new trial. It seemed to be the opinion of the Appellate Division that the testimony of the four-year-old prosecutrix was not sufficiently corroborated upon the trial.

See Note, Vol 22 & 498.

The defendant now moves upon affidavits for an order granting him permission to inspect the minutes of the grand jury upon which the indictment was based. It is alleged in the moving papers that the indictment was not found upon legal evidence, and that by reason thereof the constitutional rights of the defendant have been invaded.

Ordinarily, this court is opposed to the granting of a motion for inspection of the minutes of the grand jury, and the denial of such motions is sustained by the weight of the adjudicated cases and orderly procedure in criminal practice. People v. Steinhardt, 47 Misc. 256.

The papers in this case do not specify with particularity the alleged constitutional right of which it is claimed the defendant has been deprived, but entirely aside from the technical objections the court is convinced that the motion should be granted upon the merits.

The case has been fully tried before a jury, and the testimony of all the witnesses who were sworn before the grand jury has been given in open court. These witnesses have been examined and cross-examined. Presumably their testimony before the grand jury did not differ or at least was no stronger against the defendant than the testimony given upon the trial.

This application is to be distinguished from one made after indictment and before trial, at which times the practice has uniformly been to deny the motion for inspection of the minutes.

Following the decision of Judge Crain in People v. Teal, 60 Misc. Rep. 517, and believing that the defendant in all justice is, at this time, entitled to inspect the minutes of the grand jury, the motion is granted.

Motion granted.