## PEOPLE v. MUHLSTEIN.

### (Bronx County Court. June 2, 1915.)

CRIMINAL LAW ⬤⟲627½—INSPECTION OF MINUTES OF GRAND JURY—DISCRETION OF COURT.

A motion by accused for leave to inspect the grand jury minutes is addressed to the discretion of the court, and cannot be granted merely because there was no preliminary examination; but it must clearly appear that there is a substantial basis for the motion to protect the constitutional rights of accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435; Dec. Dig. ⬤⟲627½.]

Gabriel Muhlstein was indicted, and moved for leave to inspect the grand jury minutes. Denied.

Francis Martin, Dist. Atty., of New York City (Richard F. McKiniry, of New York City, of counsel), for the People.

Morris Cukor and Louis A. Cuvillier, both of New York City, for defendant.

GIBBS, J. This is a motion for leave to inspect the grand jury minutes herein. The defendant was indicted by the May grand jury for violating section 1308 of the Penal Law (criminally receiving stolen property). There is nothing before me to show that the evidence adduced before the grand jury was insufficient to find the indictment, or that the indictment was found on illegal evidence, or that the constitutional rights of the defendant have in any way been violated. The presumptions of legality and validity are all in favor of the grand jury, and there must be something more substantial than speculative conclusions or conjectures, based upon portions of testimony adduced before the Magistrate's Court.

The defendant seems to lay considerable stress upon the proposition that he did not have the benefit of an inquiry before the Magistrate. An examination of the magistrate's minutes has convinced me, particularly in the light of the interesting observation made by the learned magistrate on the application of the defendant for an adjournment, that the defendant was not unduly clamorous to have the examination proceed. In any event, I do not agree with the statement in defendant's brief that his failure to receive the examination "furnishes a very cogent and almost compelling reason to grant this motion," nor can I hold that People v. Foody, 38 Misc. Rep. 357, 77 N. Y. Supp. 943, or People v. Molineaux, 27 Misc. Rep. 60, 57 N. Y. Supp. 936— in part relied upon by defendant on this motion—are now the controlling authorities on motions to inspect grand jury minutes. Justice Clarke, in his learned and comprehensive opinion in Re Montgomery, 126 App. Div. on page 83, 110 N. Y. Supp. on page 801, has declared:

"That the granting of such motion does not depend upon whether a preliminary examination has been had or not."

This motion is addressed to the discretion of the court, but before that discretion is exercised in favor of the defendant it must be clear

that there is a substantial basis for it to rest upon. I am satisfied that no such foundation has been laid here by the defendant, and I therefore deny the motion. So ordered.