THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELMER JOSLIN, Defendant.

Supreme Court, Monroe County, June 24, 1927.

Crimes — indictment — inspection of grand jury minutes — defendant was indicted for rape, second degree, while preliminary examination was pending — inspection of grand jury minutes may not be had in absence of proof of some substantial right affected by action of grand jury — indictment may be found while preliminary examination under Code of Criminal Procedure, §§ 190–206, is pending.

Defendant, who was indicted for the crime of rape, second degree, while his preliminary examination was pending, is not entitled to an inspection of the minutes of the grand jury, in the absence of proof that some of his substantial rights have been affected by the action of the grand jury; the fact that there may have been an arrangement between the district attorney and defendant's

counsel that the case would not be submitted to the grand jury until after a preliminary examination had been completed, pursuant to sections 190–206 of the Code of Criminal Procedure, does not warrant an inspection, since the grand jury is not prohibited from investigating into the circumstances of an alleged crime or from indicting while such examination is pending, or before such examination is commenced.

MOTION for inspection of grand jury minutes.

*James S. Bryan*, for the motion.

*William F. Love, District Attorney [George J. Neir* of counsel], opposing.

RIPPEY, J. The defendant, Elmer Joslin, was indicted by the grand jury of Monroe county for the crime of rape in the second degree at the June, 1927, term of this court. An order was procured to show cause why an inspection of the grand jury minutes should not be granted returnable June 27, 1927, before the Monroe County Special Term. The order and affidavit upon which it was granted was duly served upon the district attorney of Monroe county and he thereupon procured an order directing the defendant to show cause why the stay of all proceedings in the above matter, granted on the application of the defendant, pending the hearing and determination of the motion to inspect the grand jury minutes, should not be vacated. This order was returnable at the opening of court on June 22, 1927, and thereupon the district attorney and the attorney for the defendant stipulated in open court that the motion to inspect might be deemed submitted and determined. The district attorney raised the question on the motion to vacate the stay as to whether or not the affidavit upon which the stay was granted was sufficient.

The motion to inspect the minutes of the grand jury is based largely upon the failure to bring the accused up for hearing preliminary to indictment.

Sections 190 to 206, inclusive, of the Code of Criminal Procedure provide for a preliminary examination of one accused of crime and prescribe the proceedings to be had upon such an examination and set forth the rights of the accused thereupon. Nothing therein contained prohibits a grand jury from investigating into the circumstances of the alleged crime, from hearing testimony nor from indicting, in a proper case, while such examination is pending or even before any such examination is commenced. Such an examination before a committing magistrate in felony cases is not a necessary preliminary to an indictment. Its only object is to inquire whether there are sufficient grounds upon which to hold the accused pending presentment to and action by the grand jury.

Supreme Court, June, 1927. [Vol. 129

The defendant did not, therefore, have the right, as a matter of law, to insist that investigation and indictment by the grand jury be postponed until after a preliminary examination under these sections. (*People ex rel. Phelps* v. *Westbrook*, 12 Hun, 646.)

The crime with the commission of which the prisoner is charged was committed within Monroe county, and the grand jury of that county had jurisdiction to inquire into the offense and, upon sufficient evidence, to present him by indictment for trial.

The court to which an indictment is returned may, in a proper case, allow the accused to inspect the minutes of the grand jury which finds the indictment. A motion for permission to examine the minutes is addressed solely to the discretion of the court and may not be granted as a matter of right. (*Eighmy* v. *People*, 79 N. Y. 546, 560.) In some cases, inspection of the grand jury minutes has been allowed where no examination by a committing magistrate was held before action by a grand jury if the accused shows by affidavit to the satisfaction of the court that the indictment was founded upon insufficient evidence in law to sustain it (*People* v. *Molineux*, 27 Misc. 60), but such an inspection should not be allowed unless some substantial right of the accused has been affected by the grand jury action. It appears that a preliminary examination of the accused was under way when the indictment was found. It is claimed here that an arrangement was made between the district attorney and counsel for the accused that the case would not be presented to the grand jury until after a preliminary hearing had been completed. If there was any such agreement, it is not important in this case. The grand jury were charged with the duty of investigating all alleged crimes committed in Monroe county. The district attorney was charged with the duty of presenting all complaints to the grand jury for investigation. Both the district attorney and the grand jury acted within their rights and according to their duties.

The minutes of the grand jury were handed to the court on the argument of the motion and a careful inspection of the minutes by the court indicates that no illegal evidence was received by the grand jury and that there was sufficient evidence before the grand jury to return an indictment. The evidence before the grand jury was sufficient, if unexplained or uncontradicted, to warrant a conviction by a trial jury. That is the test and that is all that is necessary so far as the quantity and kind of the evidence required is concerned.

Motion to vacate stay granted and motion for inspection of the minutes of the grand jury denied.