THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANDREW J. HORVATT and Others, Defendants.*

Supreme Court, Broome County, April 10, 1931.

---

* See, also, 139 Misc. 816.

*Frank L. Wooster,* District Attorney, and *Samuel H. Pearis,* Second Assistant District Attorney, for the plaintiff.

*Clayton R. Lusk,* for Thomas J. Mangan, Sigmund A. Friedlander, Elmer J. Churchill and Massoud Ellis, defendants.

*Frank J. Mangan* of counsel, for Thomas J. Mangan.

*Lee, Levene & Verreau* [*David F. Lee* of counsel], for Joseph Greskovic, defendant.

*Cherin & Gold* [*A. E. Gold* of counsel], for Michael J. Horvatt, defendant.

HEATH, J. This is a motion to inspect grand jury minutes preparatory to a motion to dismiss indictments. The indictments are based upon section 297 of the Penal Law and consist of specifications of negligence upon the part of bank directors in failing to discover and prevent fraudulent insolvency. The indictments specified in detail the alleged acts of negligence which are claimed by the People to have constituted participation in fraudulent insolvency.

It is conceded that these indictments are founded upon the prevailing opinion in the case of *People* v. *Mancuso* (255 N. Y. 463).

Section 313 of the Code of Criminal Procedure specifies certain grounds as a basis for a motion to dismiss an indictment, namely:

" 1. When it is not found, indorsed and presented as prescribed in sections two hundred and sixty-eight and two hundred and seventy-two;

" 2. When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except  *  *  *."

The courts have specified two additional grounds for motions to dismiss, to wit:

1. Where the indictment is not based upon any evidence supporting the crime charged.

2. Where the indictment is based upon incompetent and insufficient evidence. (*People* v. *Glen,* 173 N. Y. 395; *People* v. *Sexton,* 187 id. 495; *People* v. *Sweeney,* 213 id. 37.)

None of the moving papers claims that these indictments were not found, indorsed and presented properly pursuant to sections 268 and 272 of the Code of Criminal Procedure, or that a person was permitted to be present during the deliberation of the grand jury. The moving papers do urge, however, that the indictments are not founded upon any evidence of the crime charged and that the indictments are based upon incompetent and hearsay evidence.

It is conceded upon this motion that the State Bank of Bing-

hamton is insolvent and that such insolvency is the result of fraud on the part of the president, Andrew J. Horvatt, and certain employees. The indictment charges and the defendants deny that the fraudulent insolvency was negligently permitted by the director-defendants.

It is not the purpose of the court at this time to discuss at length the charges of negligence or the affidavits of the defendants.

The disposition of this motion rests solely upon the discretion of the court. (*Eighmy* v. *People*, 79 N. Y. 546; *People* v. *Muhlstein*, 153 N. Y. Supp. 909; *People* v. *Joslin*, 129 Misc. 790; *People ex rel. Martin* v. *Brady*, 168 App. Div. 108.)

The prevailing opinion in the case of *People* v. *Mancuso* (255 N. Y. 463) seems to lay down the rule that proof of fraudulent insolvency of a bank and proof of causal negligence on the part of a director make out at least a *prima facie* case of participation in such fraud. Since fraudulent insolvency is conceded we are concerned only with the question of causal negligence.

Causal negligence may be that of commission or omission. In the light of the *Mancuso* case it would seem that the specifications of negligence set forth in the indictment are sufficient to make out a *prima facie* case and to put the defendants to their proof. The affidavits supporting these motions have not impressed this court of the probability that the indictments are not sustained by competent evidence. The presumption of law is, that an indictment was founded upon legal and sufficient evidence. (*People* v. *Muhlstein*, 153 N. Y. Supp. 909.)

The motions are denied.