THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MANNY KRAMER and Others, Defendants.

Court of General Sessions, New York County, April 18, 1934.

*William C. Dodge, District Attorney* [*Louis Capozzoli, Assistant District Attorney*, of counsel], for the plaintiff.

*George Morton Levy, Leo Fishel* and *Maurice F. Cantor*, for the defendants.

FRESCHI, J. Motion to inspect grand jury minutes preparatory to a motion to dismiss indictment here. Such a motion rests with the sound discretion of the court, based on an absolute necessity where facts are established authorizing the granting of such relief and where the papers indicate that a motion to dismiss the indictment is proposed in good faith; furthermore, that the basis urged is substantial, affecting some substantial right of the defendant, and more particularly where such an inspection would not work to the prejudice of the People or serve and tend to defeat and deny the ends of justice. (*Eighmy* v. *People*, 79 N. Y. 546, 560; *People* v. *Muhlstein*, 153 N. Y. Supp. 909; *People* v. *Joslin*, 129 Misc. 790, 792; *People ex rel. Martin* v. *Brady*, 168 App. Div. 108; *People* v. *Teal*, 60 Misc. 517; *People* v. *Kresel*, 142 id. 88; *People* v. *Ward*, 76 id. 323.) In the *Kresel Case* (*supra*) the court even went so far as to allow an inspection because, among other reasons, the matters involved were intricate and involved and that, therefore, the defendant ought to have the minutes to prepare for trial. (See *contra*, in *Matter of Montgomery*, 126 App. Div. 72, at p. 82.) The indictment charges the defendants with conspiracy. Many overt acts are alleged, principally the unlawful use of the vending machine in question by persons who appear as People's witnesses. The case involves thus the leasing, use and possession of the " Mills Non-Convertible Vendor " machine. The theory of the People in this prosecution is rather novel as well as interesting. Machines of that make and character have been the subject of judicial review and held to be in and of themselves not a gambling device. (*People* v. *Jennings*, 257 N. Y. 196; *Mills Novelty Company* v. *Farrell*, 64 F. [2d] 476; *Mills Novelty Company* v. *Bolan*, 3 Fed. Supp. 968.) But it is now claimed by the prosecution that the uses to which the machines have been put by the consent and with the knowledge of these defendants, or some of them, place such machines in the category of slot machines prohibited by law, and thus the " innocent " instrument used for an alleged unlawful purpose became criminal (*Lawton* v. *Steele*, 119 N. Y. 226, 233), and, consequently, the alleged acts and conduct of all participants thus involved con-

stitute a conspiracy. " Conduct takes its legal color and quality more or less from the circumstances surrounding it and the intent and purpose which controls it, and the same act may be lawful or unlawful as thus colored and qualified." (*People* v. *Hughes*, 137 N. Y. 29.) (See, also, *People* v. *Kaplan*, 262 id. 507.)

Scienter may be predicated upon circumstantial as well as direct evidence. There is some evidence on this subject in the record. The sufficiency of it to warrant an indictment might well be treated here as a question of law. Thus, again, there is a grave question whether such evidence applies to all defendants or only some of them in connection with the theory of this prosecution, which is, perhaps, the first of its kind in the State. The making of a motion to dismiss based upon the testimony before the grand jury would be a means eventually of securing a rule on the law of the case, at least so far as this court is concerned.

Motion to inspect grand jury minutes is granted.