John J. Walsh, J.
Defendant moves for permission to inspect those portions of the Grand Jury minutes containing the testimony of the defendant or for a copy of said testimony.
*514 The affidavit in support of the motion states that ‘ ‘ defendant does not recall his exact testimony; that your deponent believes that this testimony is essential to the preparation of the defense in this case and that the District Attorney and the People will not be unduly prejudiced by this nor will their case be seriously affected. ’ ’
This ground does not come within the established reasons for permitting an inspection of Grand Jury minutes. It is not made for the purpose of seeking a dismissal of the indictment which is the general requirement for permission to inspect. There is nothing to show that defendant’s appearance before the Grand Jury was other than voluntary and at his own request and under such circumstances, there is no authority to permit such inspection. (People v. Seaman, 174 Misc. 792 [1940] [compelled to testify without waiver]; People v. Macner, 171 Misc. 720 [1939] [waiver precludes inspection]; People v. Steinhardt, 47 Misc. 252 [1905] [defendant subpoenaed before Grand Jury].) Motion to inspect denied.