Raymond E. Aldrich, Jr., J.
Defendant moves by Ms own affidavit and that of Ms attorney for an order directing the return to him of $409 seized from his person on July 29, 1970 upon Ms arrest under Indictment No. 135/70 for the crime of promoting gambling in the second degree, a Class A misdemeanor, in violation of section 225.05 of the Penal Law of the State of New York. The People oppose the application by affidavit of the District Attorney, without raising an issue with respect to the propriety of the form of the motion papers.
Heretofore the recognized remedy for the recovery of property seized by the police was a replevin action (Hofferman v. Simmons, 290 N. Y. 449; Costello v. Simmons, 295 N. Y. 801), or, an article 78 proceeding directed against the police officials holding the property (Matter of Silfa v. Kennedy, 5 Misc 2d 375, affd. 3 N Y 2d 734). However, the enactment of section 813-c of the Code of Criminal Procedure, effective April 29, 1962, brought about an amendment in the statutory law which now takes care of situations where a defendant seeks the return of property as a result of an unlawful seizure, and therefore in a situation such as this one, involving a pending proceeding grounded upon indictment, and prior to trial, the defendant must first exhaust the remedies afforded him by that section in seeking his relief before he is relegated to civil proceedings. (People v. Sylvester, 19 N. Y. S. 2d 606; People v. Cangione, 33 Misc 2d 23; Matter of Pinta v. Delagi, 36 Misc 2d 386; United States v. Herzfeld, 271 F. Supp. 185; Potwora v. Dillon, 386 F. 2d 74.)
While the affidavits in support of this motion do not specifically state the provisions of law under which the motion is made, since the proceeding involves a pending criminal one founded upon an indictment, the court will sacrifice form for substance and consider the motion to be one brought under the provisions of section 813-c of the Code of Criminal Procedure *604 for the return of such property or for the suppression of its use as evidence.
The defendant claims by his own affidavit that the moneys seized at the time of his arrest were receipts from his business • and his personal -money, while the District Attorney disputes the claim that the moneys are not unlawful gambling moneys, and alleges 1 ‘ the cash was purportedly seized when defendant was in possession of gambling records, following his indictment for unlawful promotion of gambling.”
The record before this court consists of affidavits, which are insufficient to enable this court to conclusively determine whether the money seized should or should not be returned to the defendant; however, since the motion is to be considered one under section 813-c of the Code of Criminal Procedure in a pending criminal proceeding in which the defendant claims he has been aggrieved by an unlawful search and seizure, the issue raised of restitution can only be determined in the interests of both the defendant and the People at a hearing, when the officers who made the seizure, and the defendant if he wishes, will be given an opportunity to testify in order that the court can decide the motion and determine whether the money seized on July 29, 1970 in the first instance was ever considered by the People to be evidence or fruits of the crime alleged to have been committed by the defendant on July 1, 1970, for which he has been indicted, for if the motion is granted the money “ shall be restored unless otherwise subject to lawful detention” (Code Grim. Pro., § 813-c).
Accordingly, a hearing under section 813-c of the Code of Criminal Procedure is ordered, and the same will take place within a reasonable time, and prior to trial, in order that the court may determine whether the money should be returned to the defendant or its use as evidence suppressed.