Raymond E. Aldrich, Jr., J.
The defendant, Jean Zeiser Bach, was previously convicted of the crime of murder in the first degree after jury verdict on October 15, 1965; thereafter her conviction was reversed by the Appellate Division (People v. Bach, 33 A D 2d 560) which ordered a new Huntley hearing and a new trial; the defendant’s motion to dismiss the People’s appeal to the Court of Appeals was then granted; and defendant now moves for a three-stage order seeking the following relief,
(1) ' To discover and inspect the Grand Jury minutes upon which her indictment was founded, pursuant to the provisions of the Code of Criminal Procedure,
(2) for an evidentiary hearing into the mode and manner by which the People’s deposition of the defendant, dated May 6, 1965, was adduced, authenticated and used before the Grand Jury, in the interests of justice, and
(3) to quash, annul and dismiss the indictment, pursuant to the provisions of the Code of Criminal Procedure,
with all three above motions being made in accordance with the due process clauses of our State and Federal Constitutions.
*995 The motion papers in support of the application consist of a voluminous affidavit of defendant’s attorney with exhibits attached including a purported copy of the People’s deposition in question and answer form dated May 6, 1965, a supplementary affidavit with copy of waiver of immunity of one Samuel Saintomas, and an affidavit in reply to which is attached the minutes of the preliminary hearing held on May 11, 1965 before the Justice of the Peace.
The District Attorney responds by asserting a Huntley hearing was ordered by the Appellate Division, further contending that since a previous motion to inspect the Grand Jury minutes was denied by decision dated July 28, 1965, and the findings of fact were affirmed by the Appellate Division in the order of reversal, the doctrine of “ the law of the case ” mandates denial of the motion.
The court will first consider the motion to discover and inspect the Grand Jury minutes upon which the indictment was founded.
The secrecy of Grand Jury proceedings has always been zealously guarded and preserved by decisional law in order to (1) promote freedom of disclosure of alleged crimes, (2) prevent perjury and subornation of perjury by the accused in attempting to disprove the evidence by procuring false testimony, and (3) to avoid the danger that the accused may escape or elude arrest before his arrest on the indictment. (People v. Steinhardt, 47 Misc. 252.)
Our courts have further held that inspection of the Grand Jury minutes cannot be had as a matter of right, and will not be granted for the purpose of supplying the accused with evidence in advance of trial (People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24), or for the purpose of assisting a defendant before trial in the preparation of her defense (People v. Gillespie, 38 Misc 2d 513, affd. 22 A D 2d 1016), and this court has concurred and so held upon innumerable occasions.
While the secrecy of the proceedings of the Grand Jury should remain inviolate for the sound reasons heretofore advanced, such policy has been altered in situations such as “ ‘ where these reasons have ceased to operate, it is the better opinion, contrary perhaps to some cases, but maintained in most, that any revelations of the grand jury’s doings which justice demands, may be made ’ (Bishop, New Grim. Proc. 857); Wigmore in his treatise on Evidence (§ 2362) states, after a critical examination of the relevant judicial decisions, that1 This is, in effect, the law as generally accepted today. ’ Undoubtedly, ‘ The tendency of modern authorities has been to hold that when the reasons for secrecy *996 no longer exist the ancient rules with reference thereto do not apply, and, in all cases where justice or the rights of the public require it, the facts should be disclosed ’ (People ex rel. Hirschberg v. Board of Supervisors, 251 N. Y. 156, 170.)
Furthermore, while our fundamental belief that an accused is not entitled as a matter of right to be furnished with a copy of the testimony and exhibits upon which the G-rand Jury based the indictment, it has been held that inspection may be granted in the proper exercise of sound judicial discretion preparatory to a motion to dismiss an indictment or in advancement of the protection of a defendant’s rights, so disclosure under those circumstances is not a novel occurrence.
In other words, a motion to inspect the Grand Jury minutes rests upon decisional law rather than statutory mandate, and depends upon the circumstances of the particular case.
Our law has been well settled that when a witness, produced by the prosecution has made a prior statement, either to the police, District Attorney or Grand Jury, and such statement relates to the subject matter of the witness’ testimony upon the trial, the defendant is entitled to see and use the entire statement in avoidance of the danger that something will be withheld from defense counsel which may assist him in impeaching such prosecution’s witness (People v. Rosario, 9 N Y 2d 286), and therefore, the disclosure to the defense of the previous testimony before the Grand Jury of any witness who testified at the trial should have been afforded this defendant at the time of her trial had the same been demanded, and thus she would now have had in her possession the testimony of all the witnesses who did testify before the Grand Jury and at either or both the Huntley hearing and at her trial. (People v. Malinsky, 15 N Y 2d 86.)
An examination of the minutes of the Grand Jury which indicted this defendant and the record on appeal reveals that all six witnesses who testified before the Grand Jury also testified at the trial, and further that two of such witnesses also testified at the Huntley hearing held on September 27, 1965, where of course, in both instances, they were subject to cross-examination.
This court will presume that the testimony of such a witness ‘1 before the grand jury did not differ or at least was no stronger against the defendant than the testimony given upon the trial ’ ’ (Matter of Baldwin, 69 Misc. 555, 556), and therefore no reasons now exist in the interests of justice for its suppression.
This court holds that where a witness who testified before the Grand Jury also testified in open court upon the trial, thereby being publicly examined and cross-examined, the secrecy sought by decisional law has been dissipated, as public revelation has *997 been made, and the sound reasons advanced by the courts for secrecy no longer affords a reason for nondisclosure of any prior testimony of such witness before the Grand Jury.
Furthermore, no public prejudice has been demonstrated by the People in disclosure, presumably because all the evidence has been revealed in the prior Huntley hearing and plenary trial.
The authority heretofore mentioned holds that the defendant was entitled to a copy of the Grand Jury minutes of the witnesses who testified at her Huntley hearing and at her trial in order to assist her in cross-examination of such witnesses.
Accordingly, this court holds that where there has been a trial in which the testimony of an individual who appeared before the Grand Jury has not been given to a defendant, that upon a reversal and new trial, and even though a prior motion to inspect the Grand Jury minutes has been denied, the People shall immediately upon demand furnish to the defendant such Grand Jury testimony of such witness for use in preparation for the second trial, whether for cross-examination or otherwise, as the demands for due process and a regard for fundamental fairness dictate revealing the contents of such testimony.
This court is further mindful that if the People have evidence in their possession or control which is favorable to the defendant, the concept of fairness, sense of justice, and due process compels disclosure to the defendant. (People v. Walsh, 262 N. Y. 140; People v. Fein, 18 N Y 2d 162; People v. Whitmore, 45 Misc 2d 506; People v. Matera, 52 Misc 2d 674.)
For the foregoing reasons, the motion to discover and inspect the Grand Jury minutes is granted, and the People will forthwith deliver to the defendant a true copy of the same.
As to that portion of the motion wherein the defendant seeks a hearing into the mode and manner by which the purported deposition of the defendant, dated May 6, 1965, was adduced, since a Huntley hearing has been ordered by the Appellate Division, a complete disposition of such application should be resolved upon such hearing. (People v. Ruppert, 26 N Y 2d 437.)
With respect to that portion of the motion to dismiss the indictment, this court does not pass upon the same, and such motion is at this time denied with permission to renew by timely application upon grounds not heretofore presented and passed upon in the prior motion to dismiss decided July 28, 1965. (People v. Ruppert, supra.)