Raymond E. Aldrich, Jr., J.
The defendant Mack Ray Johnson moves for an order of discovery pursuant to CPL 240.20 concerning various items of personal property taken from him, and, as to those considered contraband, requiring the District Attorney to make known to him all reports and documents concerning any scientific tests and experiments made in connection with the case.
The District Attorney opposes the relief sought, upon the grounds that the defendant is not entitled to the items at the present time, although it may well be that the tests will at some future time be introduced into evidence at a trial, and at that point he may be entitled to renew his request.
The indictment contains three (3) counts, each involving a dangerous drug offense, namely, criminally selling a dangerous drug in the second degree, a Class B felony, criminal possession of a dangerous drug in the fourth degree, a Class D felony, and criminal possession of a dangerous drug in the sixth degree, a Class A misdemeanor, with the dangerous drug in each instance being heroin.
The essence of each crime charged, therefore, is whether the defendant did or did not possess this dangerous drug. The papers in opposition leave no doubt but that certain personal property was in fact taken from the defendant, and that scientific tests and experiments were made in connection therewith.
During the 90-year old era of the Code of Criminal Procedure, the New York rules governing pretrial discovery in criminal cases were grounded upon the principle that inspection may not be had for the sole purpose of prying into the People’s case, or because disclosure may prove helpful to a defendant in preparing his defense (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 34). As the years passed, however, Trial Judges more occasionally expressed views indicating a justification for more liberalization in this area (Matter of Silver v. Sobel, 7 A D 2d 728; People v. D’Andrea, 20 Misc 2d 1070; People v. Stokes, 24 Misc 2d 755; People v. Quarles, 44 Misc 2d 955; People v. *710 Abbatiello, 46 Misc 2d 148; People v. Harvin, 46 Misc 2d 417; People v. Matera, 52 Misc 2d 674).
The advent of the new Criminal Procedure Law, effective September 1, 1971, resulted in a codification of the growing beliefs among Judges that such a more modern approach to discovery should be the acceptable rule in today’s society, and as a result, a defendant now has, pursuant to legislative enactment, as a matter of right, a discovery of his testimony before the Grand Jury, of any written or recorded statements made by him to law enforcement officers, and of reports and documents concerning physical or mental examinations or scientific tests and experiments made in connection with the case, as well as to any other property specifically designated by the defendant, upon certain enumerated conditions (CPL 240.20, subds. 1, 2, 3).
This new legislative enactment is in substance an adoption of Federal Rule 16 of the Rules of Criminal Procedure and materially expands the scope of the former pretrial discovery.
A motion for discovery must now be made by a defendant with due diligence prior to the commencement of trial, and if not so made may be summarily denied (CPL 240.30), and a defendant consequently runs the risk of not making such a motion at the earliest possible opportunity, for if he delays, he does so at his peril.
This court has repeatedly held that ‘ ‘ if the People have evidence in their possession or control which is favorable to the defendant, the concept of fairness, sense of justice, and due process compells disclosure to the defendant.” (People v. Bach, 65 Misc 2d 994, 997).
CPL 240.20 (subd. 2) permits discovery “with respect to property consisting of reports and documents # * concerning * * * scientific tests and experiments made in connection with the case which are within the possession, custody or control of the district attorney, the existence of which is known, or by the exercise of due diligence should become known, to such district attorney.” This court notes that this section has no qualifying conditions which must be met by a defendant, such as requiring him to designate the items believed examined, or the results of a particular type of test or experiment, and this court believes the intent is that the People are required to produce, if ordered, all results or reports of scientific tests and experiments made upon property seized in connection with a particular case.
To fully comprehend the unlimited disclosure provided by subdivision 2 of CPL 240.20, one has only to compare it with *711 subdivision 3 thereof and note that this latter section as it pertains to ‘ ‘ any other property ’ ’ requires that the same be specifically designated by the defendant, and he must further make a showing that such discovery ‘ ‘ is material to the preparation of his defense, and * * * the request is reasonable However, no such discovery limitations or conditions are imposed by subdivision 2 upon a defendant with respect to the scientific tests and experiments made in connection with the case in analyzing property seized.
If the People have knowledge or know in a case involving dangerous drugs that the scientific report of the alleged drug substance proves exculpatory to the defendant, then that report should be released to him as a matter of simple fairness, and if it inculpates him, then revelation is not detrimental or deleterious to the interests of the People. In another manner of speaking, this court does not subscribe to a “ cat-and-mouse ” philosophy with the People playing one obvious part and the defendant the other. Our courts are severely overcrowded and burdened with cases as it is, and such disclosure will encourage more effective permissible plea bargaining procedures by advising a defendant in advance of trial of the scientific evidence to be offered against him, and thus result more speedily in the final disposition of cases to the satisfaction of all parties.
This court construes GPL 240.20- (subd. 2) as expressing the legislative intent that in a case where a defendant is charged with selling and possessing a dangerous drug, and the property containing the alleged drug has been seized by the police, examined and analyzed scientifically, and thus the substance of the drug itself is naturally the basis of the charge, and it thus will be introduced into evidence, and further the scientific report itself may be if it is contradictory to the trial testimony of the police expert who made the chemical analysis, then all reports and documents containing any and all scientific tests and experiments on such property seized should be given to the defendant in advance of trial merely upon his motion under GPL 240.20 (subd. 2) (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 30, supra).
Accordingly, discovery is ordered, and the District Attorney is directed to make available and give to the defendant, or his attorney, all reports and documents, or copies thereof, concerning any and all scientific tests and experiments made in connection with the case which are within the possession, custody or control of the District Attorney, the existence of which is known, or by the exercise of due diligence should become known, *712 to such District Attorney, including such scientific tests and experiments as may or may not establish the existence of a dangerous drug, to wit, heroin.
The discovery request of personal property taken from the defendant so as to identify the items is denied, since the requirements of subdivision 3 of GPL 240.20, including a specific designation of the property, and a showing of materiality to the preparation of his defense are not demonstrated by the defendant in the papers, and furthermore, if the defendant seeks the return of any personal property taken from him that is not contraband, he should first move under article 710 of the GPL to suppress, so as to secure an order of suppression and restoration (CPL 710.70, subd. 1; People v. Rizzi, 65 Misc 2d 602).
The motion is granted and denied in accordance with the foregoing.