Lyman H. Smith, J.
The defendant, a cook at the Nassau County Jail, has been indicted for allegedly selling liquor and marijuana, and agreeing to sell heroin to an inmate at the jail. The indictment contains 14 counts charging the defendant with bribe receiving (3 counts), receiving a reward for official misconduct (2 counts), official misconduct (3 counts), promoting prison contraband in the first degree (2 counts), and second degree (2 counts), criminally .selling a dangerous drug in the third degree, and criminal possession of a dangerous drug in the fourth degree.
This Indictment No. 34766 was the result of an undercover investigation into the activities of the officers and employees of the Nassau County Jail. That investigation also caused the Grand Jury of Nassau County to hand up 24 additional indictments charging other prison employees with criminal transactions of a similar nature. Prior to the trial in this case one of these indictments was disposed of (by plea). The remaining indictments have not yet gone to trial.
During the course of the trial, the defendant has made an oral application for an order directing the People to furnish him with a copy of all of the testimony given by the People’s witness, Charles Di Umberto, to the Grand Jury which indicted the defendant. Since Di Umberto is presently testifying for tiié *877 People upon this trial, the defendant urges that the rule established by the Court of Appeals in the case of People v. Rosario (9 N Y 2d 286) requires that all of his testimony before the Grand Jury should now be made available for purposes of impeachment on cross-examination.
The People have already complied with defendant’s request to the extent that they have provided excerpts from Di Umberto’s Grand Jury testimony, which they claim constitute all of said witness’s testimony concerning the defendant. It is the People’s contention that the remainder of the witness’s testimony should remain sealed since it relates to other defendants who have not yet been tried.
The broad scope of the defendant’s request raises novel Questions concerning the outer limits of the Rosario doctrine. That the Rosario doctrine does have limitations was indicated by the Court of Appeals, but the courts of this State have not yet had occasion to make any significant efforts to explore and determine the exact dimensions of the principle announced in that case. The defendant’s application presents such an occasion, and this court must now initiate the inquiry.
The essence of the Rosario holding is this: after a witness has testified at the trial, the adverse party is entitled to inspect any statement the witness made prior to testifying “ as long as the statement relates to the subject matter of the witness’ testimony.” (People v. Rosario, supra, p. 289).
Thus at the outset it is important to note that the Rosario holding does not require the People to furnish copies of all statements which this witness made prior to trial. The first limitation on the application of the Rosario requirement is that the statement must relate to the subject matter of the witness’s testimony given at the trial. The exact import of this limitation is difficult to discern for there is a dearth of case law on the subject in this State. (See Ann. 7 ALE 3d 181, 226, for cases, in other jurisdictions.) However, it would appear that under normal circumstances, when the People call a witness, they should not be required to open their files and surrender every statement given by this witness including those concerning the criminal activities of other persons not at issue in the trial. Since a large part of the Grand Jury testimony of Charles Di Umberto falls into this category, the first impression is that it is irrelevant and therefore not subject to disclosure under the Rosario rule.
The defendant argues however, that Di Umberto’s Grand Jury testimony is intimately interrelated. It is conceded that it all relates to alleged misconduct of officials and employees of the *878 Nassau County Jail; that it was given in hulk as part of one extensive investigation; that on certain days he observed several alleged criminal acts committed by different persons and on other days surrendered real evidence that he had gathered and .preserved over a period of days or weeks. Thus, the defendant argues, a review of the witness’s testimony in toto before the Grand Jury might disclose inconsistencies such as a statement by the witness that he observed two or more criminal acts on the same date, at the same lime, but in different places and involving different persons. He also suggests by his argument that this witness’s testimony before the Grand Jury, concerning real evidence he had obtained, may reveal that the evidence was not preserved or segregated in the manner he has related at the trial. And finally, defendant urges that the Grand Jury testimony may reveal other inconsistencies in Di Umberto’s testimony at trial which he can only determine after the Grand Jury testimony has been revealed to him.
Assuming arguendo that this contention has merit -and that the defendant has shown sufficient relationship between the Grand Jury and trial testimony of the witness to come within the ambit of the Rosario rationale, this would not necessarily lead to the conclusion that all such Grand Jury testimony in the instant case must now be released. For the court in Rosario placed another limitation on the disclosure requirement, when it held (p. 290): “ Our decision presupposes that the statement relates to the subject matter of the witness’ testimony, that it is to be used for impeachment purposes only after direct examinaion and that the necessities of effective law enforcement do not require that the statement he kept secret or confidential. ” (Emphasis supplied y.
Once again, the exact meaning of this limitation has yet to be defined by reported decisions. In People v. Graydon (70 Misc 2d 336) it has recently been suggested that this requirement enjoins the release of pretrial statements given to social workers since Social Service records are declared to be confidential by statute.
By a parity of reasoning, it would seem that a witness’s testimony before a Grand Jury should not be available for use on cross-examination of that witness at the trial because the minutes of Grand Jury proceedings have been declared to be confidential by long tradition and legislative mandate. (Penal Law, 215.70; CPL art. 190.) Although the United States Supreme Court has held that the defendant’s constitutional right to obtain pretrial statements of prosecution witnesses does not extend to *879 their testimony before the grand jury (Pittsburgh Plate Glass Co. v. United States, 360 U. S. 395) our State has adopted a broader rule. Thus, despite the cloak of secrecy that normally surrounds grand jury proceedings, it is now well established in this jurisdiction that the 11 pre-trial testimony of prosecution witnesses given before the Grand Jury has been held to come within the Rosario rule” (Richardson, Evidence [Prince 9th ed., 1964], § 480-a) and thus must be made available to the defendant on cross-examination. (People v. Agron, 10 N Y 2d 130; People v. Pizarro, 15 N Y 2d 803; People v. Jaglom, 17 N Y 2d 162.)
Does this mean then, as the defendant seems to contend, that grand jury testimony is not the kind of confidential or secret information the Court of Appeals spoke of in Rosario as being exempt from disclosure? Certain observations made by the Court of Appeals in the case of People v. Di Napoli (27 N Y 2d 229) suggest that this is not the conclusion to be drawn.
In Di Napoli, the court affirmed an order granting the Public Service Commission the right to inspect the minutes of a Grand Jury proceeding completed more than two years prior to the application. The court held that this affirmance, permitting a public agency to conduct a discreet inquiry to determine whether utilities were imposing improper charges on the consuming public did “not sanction any general disclosure or widespread" publication of the minutes” (supra, p. 237). They noted, however, that should the commission conduct hearings and summon witnesses who had previously testified before the grand jury, their testimony at the hearings might be subject to impeachment on cross-examination by reference to their prior testimony before the grand jury. But the court observed that, 11 any such use of the minutes would, of course, be subject to whatever lawful objection a party to the proceeding or a witness chooses to voice * * * Consequently, if the testimony sought to be used should be kept secret or confidential or, if its disclosure would be inimical to public policy, the court — on application of a party, a witness or any appropriate public official — may be asked to intervene to prevent disclosure of the testimony in question.” (People v. Di Napoli, supra, p. 238). Significantly, the court cited Rosario as authority for this limitation on the use of Grand Jury testimony.
Thus, it would appear that the prior grand jury testimony of a witness is not available for use on cross-examination where any valid reason consistent with the necessities of law enforce *880 ment requires that it continue to maintain its confidential character.
The specific issue this court must resolve then, is whether there is any valid reason for maintaining the secrecy of that portion of Charles Di Umberto’s testimony before the Grand Jury which relates to other criminal acts allegedly committed by other persons who have not been indicted or, who having been indicted, have not yet been brought to trial.
In Di Napoli, the Court of Appeals itemized the reasons for maintaining the secrecy or confidentiality of grand jury minutes. ‘ ‘ Those most frequently mentioned by courts and commentators are these: (1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.” (People v. Di Napoli, 27 N Y 2d 229, 235, supra).
Obviously, these reasons disappear or diminish in importance as the various criminal proceedings progress. When the Grand Jury investigation has been completed, the indictments have been handed up, the defendant has been brought to trial, and a witness who previously testified before the Grand Jury appears and voluntarily repeats his testimony at the trial, it is difficult to see why that witness’s Grand Jury testimony should continue to remain secret or how disclosure would have an adverse effect on subsequent law enforcement activities or proceedings. Accordingly, it is apparent why the courts have under these circumstances held that this witness’s prior testimony before the grand jury should no longer be concealed from the defendant, (People v. Agron, 10 N Y 2d 130, supra; People v. Pizarro, 15 N Y 2d 803, supra, People v. Jaglom, 17 N Y 2d 162, supra.)
It is just as obvious however, that the circumstances are significantly different when, as in the instant case, the defendant seeks disclosure of testimony a witness may have given concerning other criminal acts allegedly committed by other persons whp were not indicted or, who have been indicted but have not yet been brought to trial. It is true, of course, that upon the completion of the grand jury investigation and the filing of indictments some of the reasons for maintaining the secrecy of the grand jury proceedings evaporate. Nevertheless, the courts *881 have consistenly held (and we have been reminded recently) that this is not the proper occasion to lift the veil of secrecy, even when the defendant claims that disclosure is necessary to help him prepare his defense to the indictment. (Matter of Proskin v. County Ct. of Albany County, 30 N Y 2d 15.) Clearly, at this stage, secrecy still serves important law enforcement purposes. Long experience has shown that the prospect of subornation of perjury and tampering with witnesses reaches its peak during the period between indictment and trial. Indeed, it is during this period that the personal safety of a material witness informant may be most seriously threatened. Premature disclosure of the People’s evidence may not only encourage attempts to suborn the testimony of the grand jury witness, but may lead to the recruitment of other witnesses to submit perjurious testimony tailored to contradict the People’s evidence. There is also the possibility that the grand jury testimony may contain unfounded accusations concerning innocent persons who were not indicted. And finally, there is the possibility that involuntary and indiscriminate disclosure of the witness’s grand jury testimony may have a chilling effect on prospective grand jury witnesses who may no longer be as willing to testify freely in the absence of an assurance that their testimony will be kept secret unless they voluntarily repeat it in open court.
The cases cited by the defendant are not inconsistent with the foregoing. In People v. Anderson (25 A D 2d 602) the Appellate Division, Fourth Department (Per Curiam), held that the trial court erred by refusing to permit a defendant to inspect the grand jury testimony which two prosecution witnesses had given before another grand jury, investigating another person named Corcoran. It is clear from the facts however, that the latter Grand Jury and the previous Grand Jury which indicted the defendant were both investigating the exact same criminal act (an assault), and that the witnesses’ testimony at the defendant’s trial had already made public the substance of the People’s ease against Corcoran, who would be tried subsequently for his alleged participation in the same criminal transaction (the assault). Although the court did not explain its ruling, Anderson is clearly another instance where continued secrecy of the grand jury testimony would not serve any useful purpose.
The other case cited by the defendant (People v. Bach, 65 Misc 2d 994) is also distinguishable on .similar grounds. In that case an earlier trial had resulted in a conviction which was reversed and a new trial was ordered. In granting defendant’s motion to inspect the Grand Jury testimony prior to the second *882 trial, the court noted that all of the witnesses who testified before the grand jury had previously testified concerning the subject criminal act during the first trial. Consequently, the court held {supra, pp. 996-997), “ where a witness who testified before the Grand Jury also testified in open court upon the trial, thereby being publicly examined and cross-examined, the secrecy sought by decisional law has been dissipated, as public revelation has. been made, and the sound reasons advanced by the courts for secrecy no longer afford a reason for nondisclosure of any prior testimony of such witness before the Grand Jury.” (Emphasis supplied).
• Both of these cases in fact highlight the factors which compel this court to conclude that the disclosure of the complete text of Charles Di Umberto’s testimony concerning all the acts of alleged misconduct which he claims to have witnessed at the Nassau County Jail, would constitute an unauthorized invasion of the grand jury sanctuary. Paramount for the court’s consideration is the fact that here the need for secrecy has not been 'dissipated, for what is sought by the present motion is evidence which has not been previously divulged in a public? forum. Furthermore, the remaining and undisclosed Grand Jury testimony now sought does not relate to any criminal act for which this defendant is being tried, nor does it involve a criminal transaction concerning which the witness has given evidence at this trial. The crux of the matter here is that the evidence which the defendant seeks relates toother criminal acts and other persons who will be tried at other trials to be held in the future.
This court is satisfied the Rosario rule (as a matter of public policy) should not be stretched to pfermit indiscriminate and massive exploration of a witness’s grand jury testimony concerning other matters and other indictments which have not as yet been brought to trial.
For the foregoing reasons, the court concludes that the disclosure of the additional Grand Jury testimony the defendant seeks at this time would be inconsistent with the needs of effective law enforcement. The court therefore finds that sufficient reasons exist to continue to maintain the secrecy and confidentiality of such other portions of the Grand Jury testimony of Charles Di Umberto and that such disclosure is not mandated by People v. Rosario (9 N Y 2d 286, supra).